[Civ. No. 27197. Second Dist., Div. One. Nov. 12, 1963.]

LEONOR L. SINKS, Plaintiff and Appellant, v. WILBUR J. MERRILL et al., Defendants and Respondents.

A. P. Coviello for Plaintiff and Appellant.

Newton Van Why and A. R. E. Roome for Defendants and Respondents.

FOURT, J.—This is an appeal from a judgment of dismissal entered after the trial court granted defendants' motion for summary judgment in an action for specific performance of a contract for the sale of real property.

The chronology of significant events is as follows:

On April 11, 1962, plaintiff filed a complaint for specific performance of a contract to sell real property.

Defendants filed their demurrer to the complaint on May 9, 1962. The demurrer was sustained with leave to amend on May 16, 1962.

Plaintiff filed her first amended complaint on June 1, 1962. Therein plaintiff asserted that on or about March 22, 1962, defendants offered to sell a described parcel of real property; that the offer was in writing; that plaintiff accepted the offer and that on or about March 27, 1962, she deposited the sum of $500 with a designated escrow holder; that by agreement of the parties the escrow holder prepared written escrow instructions concerning the sale and purchase agreement between the parties. A copy of the escrow instructions was attached to the complaint as Exhibit A and was incorporated by reference. The attached escrow instructions bear the signature of plaintiff; however they do not contain the signatures of defendants or any of them.

On June 7, 1962, defendants filed their answer to plaintiff's amended complaint wherein among other things they admit that plaintiff deposited $500 in escrow and that the escrow holder prepared the proposed escrow instructions "but specifically deny that such deposit and such escrow instructions were ever authorized by or agreed to by these defendants or by any one or any of them, at any time or at all." Defendants allege that there never was an agreement with plaintiff either in writing or orally or otherwise. There is asserted a separate defense that the first amended com-

plaint does not state facts sufficient to constitute a cause of action against these defendants or either of them.

On June 7, 1962, defendants filed a notice of motion for summary judgment and points and authorities. It is set forth therein that "[s]aid motion will be pursuant to section 437c of the California Code of Civil Procedure on the ground that plaintiff has no cause of action against the named defendants, and will be based upon this notice and the affidavits of Wilbur J. Merrill, Lloyd E. Merrill, Marjorie J. Armetta, Alicia H. Heffer, copies of which affidavits are served with this notice, and said motion is further based on the pleadings on file herein."

Mr. Wilbur J. Merrill in his affidavit in support of the motion for summary judgment asserts in substance that he is the owner of an undivided one-half of the real property; that he first learned of plaintiff's interest in the proposed purchase of real property on or about April 2, 1962, when he was asked to meet plaintiff at the escrow department of the Citizens National Bank; that plaintiff stated a desire to purchase the property for the sum of $25,000 provided that she could effect a sale of real property owned by her before May 7, 1962; that affiant and defendant Lloyd E. Merrill both advised plaintiff that they would not consider such a sale and "that at no time did affiant sign any writing, note or memorandum in writing offering to or agreeing to sell the said real property to the plaintiff; that affiant never at any time authorized plaintiff to open an escrow for the purchase by her of said real property, nor at any time did he agree that such an escrow should be opened by her for such purpose; that he has no knowledge of the existence of any writing, note or memorandum executed by any one of the defendants in this action whereby such defendant either for himself or for herself, or for the other defendants, agreed to or offered to sell to the plaintiff the real property described in the first amended complaint herein for the price of $25,000.00, or for any price whatever, and that no such writing, note or memorandum exists or ever did exist; that affiant never at any time signed any such note or memorandum, nor did he ever, at any time agree orally or in writing to sell said real property to plaintiff for $25,000.00, or for any sum at all, nor did he at any time authorize any person to sign such note or memorandum on his behalf, as agent or otherwise."

The affidavit of Alicia H. Hefler in support of the motion provides in substance as follows: that she is the escrow officer

for the Lincoln Heights office of Citizens National Bank, that as such escrow holder she has complete charge of the escrow department and is the only person in the escrow department who has dealt with the parties in the above-named matter, that "affiant has never had presented to her or had in her possession any document signed by Wilbur J. Merrill, Lloyd E. Merrill or Marjorie J. Armetta wherein they offered to sell any real property to Leonor L. Sinks; that, other than a $500.00 check of Leonor L. Sinks and a letter from Lloyd E. Merrill (stating that neither Lloyd E. Merrill, Wilbur J. Merrill or Marjorie J. Armetta would sign the escrow instructions which were forwarded to them by affiant), the only document which affiant has had presented to her or in her possession in said matter was an unsigned Offer to Purchase, a copy of which is attached hereto marked Exhibit 'A.' "

The affidavit of Marjorie J. Armetta in support of the motion provides in substance that she is the owner of an undivided one-fourth of the real property; that she has never met or seen the plaintiff in said action; that she never at any time authorized the plaintiff to open an escrow for the purchase of the real property nor did she ever agree that such an escrow should be opened; that at no time did plaintiff communicate with affiant respecting the proposed purchase by the plaintiff of such real property; "that at no time did affiant sign any writing, note or memorandum agreeing to or offering to sell to plaintiff the said real property, or any part thereof at any price whatever, and that no such writing, note or memorandum signed by affiant exists or ever did exist."

The affidavit of Lloyd E. Merrill in support of the motion provides in substance that he is the owner of an undivided one-fourth of the real property; that prior to the second day of April 1962, affiant and plaintiff talked together respecting the purchase by plaintiff of the real property; that plaintiff expressed a desire to purchase the real property for the price of $25,000 provided plaintiff could make a sale of real property owned by her; that affiant offered to send to plaintiff a form of offer to purchase; that affiant did procure such printed form and partially filled in such terms for the plaintiff and mailed the same to the son of plaintiff to be delivered to the plaintiff "that no signature of affiant nor of either of the other defendants in this action was ever subscribed to said form so sent to plaintiff, and that said form of offer to purchase was sent to plaintiff only as an accommodation [sic] to plaintiff in the event that she should decide to sub-

mit such an offer to purchase to these defendants named in the complaint; that after the plaintiff received said filled in form of offer to purchase she, or her agent, made alterations therein by writing her name on the first line thereof, drawing pen marks through the figures '2000.00' as filled in by affiant on the first printed line below the written in provisions of said form and substituting the figures $24,500 therefor; and by changing the figures $22,500.00 to [$]24,500.00 on the next following line of said form; that neither the plaintiff nor affiant ever signed said form of offer, nor did either of the other defendants herein sign the same; that affiant never at any time signed any agreement or any note or any memorandum of any character agreeing to sell the said real property in said first amended complaint described to the plaintiff herein, or to any one in her behalf, nor did affiant at any time have any authority written or oral from defendant Marjorie J. Armetta to sign any such an agreement, note or memorandum on her behalf, or as her agent; that affiant did not at any time authorize the plaintiff to open an escrow for the purchase of said real property and when a proposed escrow instruction was sent to affiant, affiant refused to sign the same and informed the escrow clerk at the Citizens National Bank, Lincoln Heights Branch, Alicia H. Hefler, that neither affiant nor the other two defendants Wilbur J. Merrill and Marjorie J. Armetta, would sign said escrow instructions; that affiant never at any time gave to, or mailed to, the plaintiff, or to the son, or sons of the plaintiff any writing, note or memorandum, signed by affiant in which affiant agreed, either for himself, or on behalf of Wilbur J. Merrill or Marjorie J. Armetta, to sell to plaintiff the said real property; and that no such writing, note or memorandum exists or ever did exist; that the only document or paper sent to plaintiff by affiant was the abovementioned form of offer to purchase, marked Exhibit 'A' herein, which said form was mailed to the son of the plaintiff and which was never signed by either the plaintiff or the affiant, or by any defendant herein; and affiant further states that he has at no time signed any such writing, note or memorandum offering to sell said real property to the plaintiff or to any person acting on her behalf, or to any escrow or any bank or escrow clerk whatsoever.''

On June 28, 1962, the plaintiff filed her affidavit in opposition to the motion for summary judgment. No useful purpose would be served in setting forth the substance of plain-

tiff's affidavit in that she does not controvert the assertions of the defendants—she admits by failure to deny in her affidavit that there is no written memorandum or writing. The affidavit of Charles Halel, plaintiff's son, in opposition to the motion of summary judgment, likewise raises no issue relating to the lack of the written memorandum signed by the parties to be charged.

Where the affidavits show that there is no enforceable written contract there is no issue requiring a trial and a summary judgment is proper under section 437c of the Code of Civil Procedure (*Thomson* v. *Honer,* 179 Cal.App.2d 197 [3 Cal.Rptr. 791]; *Tibbs* v. *Smart & Final Iris Co.,* 152 Cal. App.2d 618, 623 [313 P.2d 636]).

As shown by the affidavits the purported agreement which plaintiff attempts specifically to enforce is violative of the statute of frauds (Code Civ. Proc., § 1973, subd. 4, and Civ. Code, § 1624, subd. 4).

Plaintiff's attempted appeal from the order granting summary judgment is dismissed. It is not an appealable order (*Helfer* v. *Hubert,* 208 Cal.App.2d 22, 24-25 [24 Cal. Rptr. 900]; *Hagan* v. *Fairfield,* 204 Cal.App.2d 1, 2 [21 Cal. Rptr. 923]).

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.