[Civ. No. 7297. Fourth Dist. Apr. 16, 1965.]

LELAH ALICE ROTHTROCK, Plaintiff and Appellant, v. OHIO FARMERS INSURANCE COMPANY et al., Defendants and Respondents.

Casey, McClenahan & Christensen and Walter P. Christensen for Plaintiff and Appellant.

Higgs, Fletcher & Mack, Edward M. Wright, Driscoll, Harmsen & Wilkins, John Gerald Driscoll, Jr., and Samuel Carpenter for Defendants and Respondents.

FINLEY, J. pro tem.*—Plaintiff appeals from a judgment of dismissal entered upon the granting of a motion by defendant for summary judgment.

On August 29, 1957, an automobile collision occurred between a car driven by Albert B. Rothtrock, plaintiff's husband, in which plaintiff was a passenger, and one driven by a Ross D. Miller. On January 29, 1958, Miller filed an action in the municipal court against the Rothtrocks seeking $800 property damage. In this action a summons was issued on January 29, 1958, and the complaint and summons served on the Rothtrocks on March 22, 1958. On April 6, 1958, a copy of this complaint and summons was delivered by the Rothtrocks to Ohio Farmers Insurance Company, which had issued to the Rothtrocks a policy of liability insurance. Negotiations then commenced between the insurance company, hereinafter referred to as Ohio, and Miller's attorney, who had promised Ohio that no default would be taken during negotiations. On May 8, 1958, however, while negotiations were still in progress, and unbeknown to Ohio, Miller's attorney secured entry of a default.

Sometime prior to May 27, 1958, Ohio, apparently unaware that default had been taken, agreed with Miller's attorney to settle the municipal court action by paying on behalf of the Rothtrocks to Miller the sum of $250. Release forms were mailed by Ohio to Miller's attorney who, on June 9, 1958, obtained a default judgment against the Rothtrocks upon the previously secured entry of default. Miller's attorney returned to Ohio the executed releases together with a satisfaction of judgment. Thereafter Ohio mailed its check for $250

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

to Miller's attorney and on June 16, 1958, it filed the satisfaction of judgment with the clerk of the municipal court.

In the meantime, on June 4, 1958, Mrs. Rothtrock having suffered amputation of her left leg, the Rothtrocks filed in the superior court action No. 225530 against Miller for personal injuries arising out of the same accident upon which the municipal court action was based. Miller's attorney answered the complaint and as an affirmative defense pleaded the municipal court judgment as a bar and res judicata on the issue of liability.

On September 12, 1958, the attorneys for Ohio, naming the Rothtrocks as moving parties, filed in the municipal court action a motion to set aside the default and default judgment on the ground of mistake, inadvertence, surprise and excusable neglect of defendants Rothtrock and their agents. Accompanying this motion was a proposed answer to Miller's complaint. On October 7, 1958, the motion to set aside the default and default judgment was granted with permission to file the proposed answer. By order made on November 5, 1958, defendant Miller was ordered to return the $250 paid by Ohio on behalf of the Rothtrocks in return for the releases and satisfaction of judgment. An appeal from the order setting aside the default and default judgment was taken to the superior court where the order was affirmed.

Just what transpired after the default and default judgment were set aside in the municipal court does not clearly appear. The record does disclose, however, that thereafter Ohio again settled the municipal court case for the $250 theretofore agreed upon and pursuant thereto caused a request for dismissal of the action with prejudice as to all defendants to be filed. This request for dismissal had been prepared by Ohio attorneys, signed by Miller's attorney and returned to Ohio who then filed it. This closed the case of *Miller* v. *Rothtrock* in the municipal court.

In the superior court action of *Rothtrock* v. *Miller,* wherein Lelah Alice Rothtrock sought damages against Miller in the sum of $150,000 for personal injuries, including the loss of her left leg, this dismissal with prejudice was thereupon set up by Miller in an amendment to his answer as res judicata and collateral estoppel. He also moved to strike and to dismiss the complaint. It is argued by Miller that any cross-complaint or counteraction available to the Rothtrocks must of necessity have been made a part of the action commenced in the municipal court with a motion to transfer if the prayer of the

cross-complaint or counter-claim exceeded the jurisdictional amount of the municipal court and that since this was not done and since the action had been dismissed with prejudice for consideration, this amounted in legal effect to a common law retraxit and was a bar to any other or further action. ■ The superior court concluded ''that the dismissal with prejudice, filed in said Municipal Court action, operates as a bar to the prosecution by the plaintiff of the present Superior Court action. . . .'' and dismissed the action. This conclusion by the superior court was correct. ■ The law requires a defendant to combine in the same action any cause of action he may have against a plaintiff arising out of the transaction set forth in the complaint and which tends to defeat or diminish plaintiff's recovery. The penalty for not doing so is the proscription of any attempt to institute another action on such claim after judgment in the first action. (Code Civ. Proc., § 439.) ■ By defendants' conduct in agreeing to the dismissal with prejudice, they prevented Mrs. Rothtrock from using any method sanctioned by law for combining the two actions. (See *Stratton* v. *Superior Court*, 2 Cal.2d 693, 696 [43 P.2d 539].) Contrary to the defendants' assertions, we find that *Todhunter* v. *Smith*, 219 Cal. 690 [28 P.2d 916] (wherein it was held that a failure to assert a transaction counterclaim in that court where the counterclaim exceeds the jurisdictional limits of the municipal court, does not operate as a bar to a later superior court action, since the pleading of the counterclaim would divest the court of any jurisdiction) is not controlling since it was decided before Code of Civil Procedure, section 396 (affording the municipal court sufficient jurisdiction to transfer the case to the superior court) became effective. ■ The basis of that case no longer exists; that is, the municipal court is no longer completely divested of jurisdiction upon the filing of a counterclaim in excess of its jurisdiction since Code of Civil Procedure, section 396, reserves sufficient jurisdiction for the court to transfer the case to the superior court. (See California Pleading, Chadbourn, Grossman, Van Alstyne, § 203, fns. 15-17.)

The defendants urge this court to follow *LaFollette* v. *Herron*, 211 F.Supp. 919, and hold that the dismissal of an action by an insurer without the consent or knowledge of the insured does not prevent the insured from maintaining a later action on a claim even though that claim could have been asserted as a transaction counterclaim to the dismissed action. The fact that defendants were acting for plaintiff under the

authority granted in the contract of insurance, and not for themselves since they were not a party to the cause of action nor liable thereon until and if the plaintiff was found to be liable, coupled with the California law previously cited in this opinion, lead us to concur in the conclusions reached in the well reasoned cases of *Keller* v. *Keklikian,* 362 Mo. 919 [244 S.W.2d 1001], *Mensing* v. *Sturgeon,* 250 Iowa 918 [97 N.W.2d 145], and *In re Estate of McClintock,* 254 Iowa 593 [118 N.W.2d 540] that the plaintiff's later action is barred.

No appeal from the judgment of dismissal by the superior court was taken. It appears that later the court was persuaded that in granting this judgment of dismissal it had been in error. But the court's opinion as to the incorrectness of its prior decision was then legally immaterial as well as in error and could not change its holding in a judgment which had become final.

Plaintiff's allegation in the present action is simply that the defendants failed to act as reasonable men in agreeing to the municipal court dismissal with prejudice, knowing or being charged with knowledge of the legal effect of such a dismissal and the result it could have in plaintiff's action against Miller and that their failure to act as reasonable men proximately caused the dismissal of the superior court action of *Rothtrock* v. *Miller,* to plaintiff's damage.

In the superior court's opinion granting the summary judgment in *Rothtrock* v. *Ohio Farmers Insurance Company, et al.,* the court is incorrect in holding that the dismissal with prejudice for a consideration did not constitute a retraxit. It was said in *Datta* v. *Staab,* 173 Cal.App.2d 613, 621 [343 P.2d 977], that: "The effect of a dismissal with prejudice is quite different, however, when it is executed and filed in return for a consideration moving from the defendant. Such a dismissal operates as a complete bar to any future action [citing cases], and has the same legal effect as a common law retraxit. [Citing cases.] 'A retraxit is equivalent to a verdict and judgment on the merits of the case and is deemed to be a bar to another suit for the same cause between the same parties. . . . Where the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.' [Citing cases.]" See also *Ghiringhelli* v. *Riboni,* 95 Cal.App.2d 503, 506 [213 P.2d 17].

The agreed settlement and entry of the "dismissal with

prejudice as to all defendants'' was obviously entered into by Ohio with the idea of barring the plaintiff Miller from any further action in connection with the claim against the Rothtrocks asserted in his pleadings, yet it had the additional effect of barring the Rothtrocks from any further action against Miller. In this case, in addition to the reasons given in *Datta* v. *Staab, supra,* 173 Cal.App.2d 613, as to why the dismissal with prejudice acted as a retraxit, we have the superior court so holding in its judgment dismissing *Rothtrock* v. *Miller.* That judgment having become final, the holding was not only correct but it was res judicata.

It would appear that defendants' general course of conduct in connection with the handling of their insurance obligation to the Rothtrocks was tainted with singular disregard of their assured's interests. Five days after the filing of Miller's action in the municipal court, Ohio knew of Mrs. Rothtrock's claim for personal injuries, yet suffered a default to initially stand even though taken by Miller's attorney in violation of his agreement and in addition thereto paid to Miller $250 as a settlement. The effect of a default as an admission of allegations in a complaint was questioned, but surely, even without authority to the contrary, it would stand to reason that where negligence is asserted in the complaint the permitting of a default and default judgment to be entered and to stand unchallenged and to file a satisfaction thereof, would at least be a tacit admission of the truth of those allegations. However, in *O'Brien* v. *Appling,* 133 Cal.App.2d 40 [283 P.2d 289], the court unequivocally held that permitting a default to be entered confessed the truth of all the material allegations in the complaint, and that a judgment by default is just as conclusive upon the issues tendered by the complaint as if rendered after answer filed and trial on allegations denied by the answer.

Even were we to assume for the sake of argument that respondents might mistakenly have believed originally that a default had no legal significance as an admission of the complaint's allegations, still, after Miller had pleaded the default and payment to Miller of $250 as res judicata, respondents were thereby put upon notice. When Ohio then had the default judgment set aside and later filed a dismissal with prejudice obtained for a consideration, the violation of legal obligation to the Rothtrocks was compounded by the taking of positive and fatal action against their interests as distinguished from mere neglect. Defendants had two paths from which to choose, not one as in *Lucas* v. *Hamm,* 56 Cal.2d

583 [15 Cal.Rptr. 821, 364 P.2d 685]. Defendants voluntarily chose the dangerous path of dismissal with prejudice rather than the safe path of dismissal without prejudice plus a release. We find *Lucas* v. *Hamm, supra,* inapposite to the instant circumstances.

After being advised of plaintiff's claim against Miller for personal injuries, Ohio had no legal right to actively compromise her potential for legal recovery by its conduct in handling the municipal court action. It actively placed her in a losing position. ■ In California, the law is settled that mere employment of an attorney to represent a client in litigation, while it may carry the power to legally bind the client, does not carry with it the legal right, without the knowledge or consent of the client, to compromise with impugnity that litigation for reasons foreign to the client's substantial rights or best interests. (*Robinson* v. *Hiles,* 119 Cal.App.2d 666, 672 [260 P.2d 194]; *Burns* v. *McCain,* 107 Cal.App. 291, 294 [290 P. 623]; *Jones* v. *Noble,* 3 Cal.App.2d 316, 320 [39 P.2d 486]; *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.,* 45 Cal.2d 448 [289 P.2d 466]; *Duffy* v. *Griffith Co.,* 206 Cal. App.2d 780 [24 Cal.Rptr. 161].)

Whether Mrs. Rothtrock would have recovered against Miller had defendants properly fulfilled their legal obligations to her is of course unknown. Defendants sparked the demise of her cause of action brought in the superior court for that determination and effectively blocked any opportunity to consolidate with it the action brought by Miller in the municipal court. They are therefore proximately responsible for her total legal immobility in that pursuit unless it be found that no means were still available to plaintiff to prevent the municipal court action from becoming res judicata, that is, by transfer or injunction. (1 Witkin, Cal. Procedure (1954) § 188, p. 454.)

As an aid in considering the question of violation of legal care, as is claimed by Rothtrock, let us consider a comment by one of America's great justices. Justice Holmes, in *Schlemmer* v. *Buffalo R. & P. R. Co.,* 205 U.S. 1, 12 [27 S.Ct. 407, 51 L.Ed. 681], defined negligence as follows: ''Negligence consists in conduct which common experience or the special knowledge of the actor [or knowledge reasonably attributable to him] shows to be so likely to produce the result complained of, under the circumstances known to the actor, that he is held answerable for that result, although it was not certain, intended, or foreseen.''

Whether in *Rothtrock* v. *Miller*, Rothtrock would have been successful in obtaining a judgment against Miller is for the trial court to consider in resolving the question concerning the damages herein. (*Campbell* v. *Magana,* 184 Cal.App.2d 751, 754 [8 Cal.Rptr. 32].) Also for determination by the trial court is the question of responsibility as between Ohio and the attorneys named in its cross-complaint. We have dealt with the problem by reference to Ohio throughout most of this opinion for the reason that the primary duty to the Rothtrocks was owed to them by Ohio, their insurer. The responsibility as between Ohio and the attorneys involves questions of fact as well as law to be resolved by the trial court.

The judgment is reversed and the action remanded to the trial court for trial upon the issues in the light of this decision.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied May 13, 1965, and the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied June 16, 1965.