[Civ. No. 31482. Second Dist., Div. Four. Nov. 20, 1967.]

JUAN ARTUCOVICH, Plaintiff and Appellant, v. MICHAEL ARIZMENDIZ et al., Defendants and Respondents.

Hall, Moore & Olson and Joseph E. Hall for Plaintiff and Appellant.

Clausen, Gilliland & Fernandes and Charles E. Finney for Defendants and Respondents.

BISHOP, J. pro tem.*—We are interpreting plaintiff's notice of appeal as effecting an appeal from the summary judgment filed and entered November 23, 1965, after the trial court had made an order granting defendant Michael Arizmendiz' motion for such a judgment. The notice of appeal, addressed to defendant "Michael Arizmendiz, et al., and to Clausen & Gilliland, his attorneys," bids them take notice that he "hereby intends to appeal from Order of Summary Judgment. . . ." Had he appealed from the order *and* from the judgment, we would doubtless dismiss the appeal from the order on the authority of *Integral Land Corp.* v. *Anderson* (1944) 62 Cal.App.2d 770 [145 P.2d 364]; *Chil-*

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

*son* v. *P. G. Industries* (1959) 174 Cal.App.2d 613, 616 [344 P.2d 868, 870] ; *Sinks* v. *Merrill* (1963) 222 Cal.App.2d 200, 205 [35 Cal.Rptr. 113, 116] ; *and Saunders* v. *New Capital for Small Businesses, Inc.* (1964) 231 Cal.App.2d 324, 326 [41 Cal.Rptr. 703, 705].) ⬛ But, although technically, the order is not appealable, in those cases where the appeal is only from the order but where there is a judgment to which it may be applied, that course is followed and the appeal is honored as one taken from the judgment (in obedience to rule 1 of Rules on Appeal, admonishing that " 'A notice of appeal shall be liberally construed in favor of its sufficiency.' " (*Helfer* v. *Hubert* (1962) 208 Cal.App.2d 22, 25 [24 Cal.Rptr. 900, 901].))

Turning now, not to but toward, the merits of the appeal, we note that the present action is one by Juan Artucovich to recover damages in the sum of $20,000 because of injuries arising out of a collision between the vehicle in which the plaintiff was an occupant and one owned by defendant Michael Arizmendiz which was being driven negligently under conditions that imposed liability for the accident on him. In his answer, Michael, as we shall identify the defendant-appellant, admitted that at the time of the accident his vehicle was being operated by Cecilia Arizmendiz (to be referred to as Cecilia). By way of a second and separate defense, Michael alleged that Cecilia had brought an action, naming our present plaintiff as a defendant, to recover damages for the injuries she had sustained in the collision upon which this suit was brought. Further, with respect to Cecilia's suit, Michael alleged in his answer that our plaintiff, there a defendant, neither counterclaimed nor filed a cross-complaint, but obtained a dismissal of the action, with prejudice, "in exchange for a valuable consideration moving from" our plaintiff to Cecilia.

We interrupt our progress to our discussion of the merits of this appeal to state that the pleading, just reviewed, alleged the two facts that ultimately stand between the plaintiff and success: (1) his failure to avail himself of the opportunity his position as defendant in the action brought by Cecilia gave him to present his cause of action against her; and (2) the dismissal of that action, with prejudice, for a consideration to its plaintiff. We call attention to these two facts now to emphasize the futility of the two declarations about to be considered, the one offered in support of the motion for a summary judgment, the other in opposition.

On our way again to the heart of this appeal, we have the motion of Michael for a summary judgment. This motion was to be based on the declaration of Cecilia "and upon the pleadings and papers on file herein and upon the records of this court . . ." Cecilia's declaration approaches but falls short of establishing one of the two facts that we find important. She refers to the collision in which she was driving her husband's car (without identifying him as the defendant in this case) and our plaintiff was driving the other. She tells us that five days later her attorney "instituted legal action" against our plaintiff. She makes no mention of plaintiff's failure to counterclaim, and with respect to the dismissal, avers "I received a settlement in the amount of $500.00 which was paid to me on behalf of" our plaintiff and then "Because of this payment my attorney was instructed to discontinue and dismiss the lawsuit which was instituted on my behalf against Mr. Artucovich" (our plaintiff). Was the lawsuit dismissed or discontinued? The declaration leaves us uninformed.

The declaration in opposition to the motion to dismiss is that of the attorney for plaintiff-appellant. His brief on appeal is based almost exclusively on the "facts" it contains. As a declaration offered in opposition to a motion for a summary judgment, it utterly fails to comply with the requirement of section 437c, Code of Civil Procedure: "The facts stated in each affidavit shall be within the personal knowledge of the affiant, . . . and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto." The declaration consists of statements allegedly told the declarant by our plaintiff-appellant respecting the settlement made by his insurance company, without his consent or consultation. No mention, again, about his failure to counterclaim and no pertinent fact known to the declarant.

We would quickly reverse the summary judgment, and thereby do the defendant an injustice, but for the saving circumstances that the facts needed to support the motion were before the trial court and are before us under the encompassing eye of judicial notice. ■ Since *Flores* v. *Arroyo* (1961) 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263] overruled earlier cases, the principle is established in this state that where, as here, attention has been called to the existence of a prior case, judicial notice of it may be taken. This court, citing the *Flores* case, stated in *Oeth* v. *Mason* (1967) 247 Cal.App.2d 805, 810 [56 Cal.Rptr. 69, 72]:

"Where facts which are judicially noticed show conclusively that an action is barred, it would be absurd to prolong the litigation so as to await some other method of proof."

So it is that we take in hand the original file of Cecilia M. Arizmendiz v. Juan Artucovich and discover: the complaint was filed July 18, 1963, just five days after the collision of which it complains; an answer was filed by its only named defendant in which he makes no counterclaim; the plaintiff files a request for a dismissal on March 23, 1964, and a dismissal is entered two days later—with prejudice. When we add to these facts the facts appearing in Cecilia's declaration, that is that "On March 25, 1964, I received a settlement in the amount of $500.00 which was paid to me on behalf of Mr. Artucovich. Because of this payment my attorney was instructed to discontinue and dismiss the lawsuit which was instituted on my behalf against Mr. Artucovich," we have the facts we need to support the summary judgment.

It is clear that the way the facts appear, the plaintiff has no cause of action against Cecilia. Section 439 of the Code of Civil Procedure declares: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of defendant's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." The present plaintiff omitted to set up any counterclaim against Cecilia when he was the only named defendant in the action she brought against him, although he answered and continued to be a defendant in the case until it came to its end by a dismissal with prejudice.

█ "The rule is now well established that where separate causes of action, whether for personal injuries or for property damage, arise out of an automobile collision, the accident may be said to be the 'transaction' out of which the causes arose within the meaning of the provision of Code of Civil Procedure, section 439. [Citing cases.] . . .

█ "[W]hen the defense is seasonably and properly raised the provisions of Code of Civil Procedure, section 439, are mandatory." (*Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 618-619 [343 P.2d 977, 980].)

Not only did defendant Michael raise the issue just discussed, but he also pleaded the dismissal-with-prejudice of Cecilia's action against the present plaintiff. This resulted in an adjudication of all matters, arising out of the collision, between them. (*Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d

503, 505-506 [213 P.2d 17]; *Datta* v. *Staab, supra,* 173 Cal. App.2d 613, 620 [343 P.2d 977, 981-982]; and *Rothrock* v. *Ohio Farmers Ins. Co.* (1965) 233 Cal.App.2d 616, 620-621 [43 Cal.Rptr. 716, 718-719].)

The significance, in this case, of the "adjudication of all matters arising out of the collision" between Cecilia and the plaintiff, becomes apparent when we remember that the only theory on which the present action may succeed against Michael is that he is liable because of the negligence of Cecilia's driving of his vehicle. But it stands adjudicated, in her action against the plaintiff, she was not negligently driving. He had his chance to prove otherwise and did not accomplish it. He is estopped to try again in this action against Michael, under the philosophy, although not the facts, of *Barrabee* v. *Crescenta Mut. Water Co.* (1948) 88 Cal.App.2d 192, 195-196 [198 P.2d 558, 560], and cases cited.

The summary judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.