[Civ. No. 24704. First Dist., Div. Three. May 29, 1969.]

MOLLIE MANNING, Plaintiff and Appellant, v. THOMAS O. WYMER, Defendant and Respondent.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

520

Bronson, Bronson & McKinnon for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Respondent.

BROWN (H. C.), J.—In this appeal there are two issues: The first relates to the propriety of the grant of the summary judgment to defendant Wymer, and the second to whether the trial court erred in refusing to set aside its order for summary judgment under section 473 of the Code of Civil Procedure after additional facts were made a matter of record.

The Facts: The appellant, Mollie Manning (hereafter referred to as Manning), and the respondent, Thomas O. Wymer (hereafter referred to as Wymer), collided in an automobile accident in San Francisco on October 3, 1965. Each filed suit claiming damages for personal injuries as the result of the other's negligent driving.

Manning filed suit on October 18, 1965 (action No. 560186), and Wymer filed his action on November 9, 1965 (action No. 560945). Both actions were filed in the San Francisco Superior Court.

Manning and Wymer, as plaintiffs in their respective actions for personal injuries, were represented by their personal attorneys. These attorneys were not associated with attorneys who were selected by their insurance companies to represent them in the actions where they were named defendants.

Wymer, as plaintiff in his personal injury action No.

560945, was represented by John Peterson; and Manning was represented by a firm selected by her insurance carrier. John Schuyler, acting for that firm, effected a settlement whereby the sum of $800 was paid to Wymer in exchange for a dismissal of action No. 560945.

At the time of this settlement, Manning's insurance representative had not filed an answer to the complaint in action No. 560945, and Wymer had not filed an answer as defendant in action No. 560186.

*Prior to the settlement and prior to Wymer's executing the dismissal with prejudice, Schuyler, the attorney for defendant Manning and her insurance company (No. 560945); Peterson, attorney for plaintiff Wymer in action No. 560945; and Gary Ricks, attorney for plaintiff Manning (No. 560186), agreed that the settlement of action No. 560945 would not be prejudicial to Manning's action No. 560186.*

After the settlement of action No. 560945, Wymer's insurance-company-selected attorneys representing him as a defendant filed an amended answer in action No. 560186 setting forth the following separate defense "AND AS FURTHER AND SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this defendant alleges that all the issues in this case have been adjudicated in a prior action, Docket Number 560945 entitled 'Thomas Wymer vs. Mollie Manning, et al,' which involved the same issues, same parties and arose out of the same automobile accident that is the subject of this action. Said action number 560945 was dismissed with prejudice on January 7, 1966, and said dismissal is res judicata and a complete bar to this action."

Defendant Wymer thereafter moved for a summary judgment on the basis of the affirmative defense in his answer, i.e., that the dismissal with prejudice of action No. 560945 was a bar to proceeding further in the Manning v. Wymer action No. 560186.

At the time of arguments on the motion for summary judgment, an associate attorney, a Mr. Cyril, in the same firm with Gary Ricks, appeared for Manning. He was unaware that his associate Gary Ricks, had consented to the settlement of the Wymer action only on condition that it would not prejudice Manning in action No. 560186.

The court, also unaware of the agreement of the parties, granted Wymer's motion for summary judgment on September 1, 1966, and the judgment was duly entered in the records of the San Francisco Superior Court.

On October 6, 1966, Manning filed a motion requesting the court to reconsider its order for summary judgment rendered in favor of Wymer or for relief under Code of Civil Procedure section 473. Manning's motion was based on the contention that through inadvertence and excusable mistake the fact that she had consented to the settlement of Wymer's suit *only on condition that it would not prejudice her action (No. 560186) against Wymer was not presented to the court.* Filed with Manning's motion for relief under Code of Civil Procedure section 473 were four declarations executed by Gary Ricks, attorney for plaintiff Manning; John Schuyler, attorney for Manning's insurance company; John Peterson, attorney representing plaintiff Wymer in action No. 560945 in his claim for damages for personal injuries; and Paul H. Cyril, who appeared for Manning as plaintiff in her personal injury claim (No. 560186) and who argued in opposition to the motion for summary judgment by Wymer.

The declarations of attorneys Ricks, Schuyler and Peterson, all representing the respective parties in the action at the time of settlement, confirmed the agreement that the settlement and dismissal of the Wymer action (No. 560945) should not prejudice the Manning claim (No. 560186).

Attorney Cyril, although in the same law firm as attorney Ricks, had not been informed by his associate (Ricks) of the understanding relative to the Wymer settlement. He stated in his declaration that at the time of argument of the motion for summary judgment he did not know that Ricks, Schuyler and Peterson had agreed that the settlement in action No. 560945 was to be accomplished in the manner described in the declarations of those attorneys; that he had spoken to these individuals but had misunderstood Peterson's statements and thought Peterson had stated that settlement was to be accomplished without any such agreement; that following the court's ruling on the motions, the above persons were again contacted and it was discovered that Cyril had been mistaken in his understanding of what Peterson had stated. The declaration also states that Schuyler and Peterson had taken steps to correct the records in action No. 560945. Attached to the declaration are two exhibits. Exhibit A is a stipulation and order stating that the parties to action No. 560945 had intended the dismissal to be without prejudice. This stipulation and order is signed by the attorneys, Schuyler and Peterson, and also by Judge Gerald S. Levin on October 5, 1966. Exhibit B is a dismissal without prejudice signed by Peterson.

Manning's motion for reconsideration or for relief under section 473 of the Code of Civil Procedure came on for hearing within six months after the summary judgment, meeting the time requirement of section 473. Cyril again appeared for Manning. The court denied the motion.

Manning now appeals from the granting of the summary judgment to Wymer and from the order denying her motion for reconsideration or for relief under Code of Civil Procedure section 473.

It is now well settled that it is the policy of the law that reciprocal claims arising out of the same action and flowing from the same source must be determined in a single action to avoid multiple suits and conflicting judgments. (See *Kittle Mfg. Co.* v. *Davis,* 8 Cal.App.2d 504, 513 [47 P.2d 1089].)

It is also settled that where separate causes of action, whether for personal injuries or property damages, arise out of an automobile collision, the accident may be said to be the "transaction" out of which the cause arose within the meaning of section 439 of the Code of Civil Procedure. Section 439 reads as follows: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." (*Schrader* v. *Neville,* 34 Cal.2d 112 [207 P.2d 1057], holding in an automobile collision case, defendant's right to damages is barred if not asserted by way of counterclaim.) (*Artucovich* v. *Arizmendiz,* 256 Cal.App.2d 130, 134 [63 Cal.Rptr. 810].)

We further recognize that when a dismissal with prejudice is executed and filed in return for a consideration moving from the defendant that such dismissal operates as a complete bar to any future action and has the same legal effect as a common law retraxit. It is the equivalent to a verdict and judgment on the merits and is deemed to bar another suit for the same cause between the same parties. (*Datta* v. *Staab,* 173 Cal.App.2d 613, 620, 621 [343 P.2d 977]; *Artucovich* v. *Arizmendiz, supra,* 256 Cal.App.2d 130; *Ghiringhelli* v. *Riboni,* 95 Cal.App.2d 503 [213 P.2d 17].)

In the case before us, however, the failure of Manning to file a counterclaim to plaintiff Wymer's complaint in action No. 560945 is not a bar to proceeding with action No. 560186. Manning was not required to file an answer in that action and therefore not required to file a counterclaim. In order to

invoke an estoppel under section 439 of the Code of Civil Procedure for failure to file a counterclaim, the issues must be joined. (*Datta* v. *Staab, supra,* 173 Cal.App.2d 613, 621.)

 Also the payment by Manning's insurance representatives in exchange for a dismissal with prejudice does not give rise to an inference of an admission of negligence so as to constitute a collateral estoppel as in *Datta* v. *Staab, supra,* because the parties agreed that such dismissal would not prejudice plaintiff Manning's action No. 560186.

 It is, of course, fundamental under the rules of contributory negligence that a decision in one case that a defendant was negligent estops that defendant from saying as plaintiff in another action arising out of the same accident that he was not contributorily negligent. (*Todhunter* v. *Smith,* 219 Cal. 690 [28 P.2d 916]; *Artucovich* v. *Arizmendiz, supra,* 256 Cal.App.2d 130, 152.) Despite the rule that there is an inference of an admission of negligence when a defendant pays a consideration to a plaintiff for a dismissal which has been held to be a decision on the merits (*Datta* v. *Staab, supra*), in the present case the agreement between the parties dispels such possible inference.

 *It is clear that the parties here could agree that the dismissal of Wymer v. Manning (No. 560945) was not to act as a retraxit by Manning.* (See *Rothtrock* v. *Ohio Farmers Ins. Co.,* 233 Cal.App.2d 616, 623 [43 Cal.Rptr. 716].) *It is also clear that the parties entered into such an agreement.* Not only did each of the attorneys execute declarations to that effect, but also they evidenced their understanding by the execution of a stipulation which purported to nullify the dismissal with prejudice on the records and substituted in its place a dismissal without prejudice.

The substituted dismissal without prejudice provided as follows: "The parties hereto having intended that the dismissal heretofore filed in this case be without prejudice, and a dismissal with prejudice having been inadvertently filed, it is hereby stipulated that the DISMISSAL OF ACTION WITH PREJUDICE AS TO ALL PARTIES WHETHER NAMED OR FICTITIOUS be vacated, and that the attached DISMISSAL WITHOUT PREJUDICE be filed in lieu thereof." This dismissal without prejudice was signed by Schuyler and Peterson and ordered filed by the court (another judge presiding). It is unnecessary for us to decide the legal effect of the substituted dismissal. We refer to it merely as further evidence of the parties' original intent.

 The agreement that the settlement was not to preju-

dice the Manning action was entered into by Wymer's counsel. An attorney in the absence of fraud has authority to bind his client in all matters pertaining to the regular conduct of a case and that authority includes the compromise of his client's case upon such terms and conditions as he deems necessary if he does so with his client's consent. (See *Gagnon Co.* v. *Nevada Desert Inn, Inc.*, 45 Cal.2d 448, 460 [289 P.2d 466].) Wymer is bound by the actions of his counsel and may not now claim through other counsel that Manning is estopped from doing exactly that which was agreed she could do, i.e., proceed with the trial of action No. 560186 on the merits.

Our conclusion is not in conflict with the doctrine of collateral estoppel or the rules of res judicata as applied to issues actually litigated (*Clark* v. *Lesher*, 46 Cal.2d 874, 880 [299 P.2d 865]) or with cases where the defendant has answered the complaint but has not filed a counterclaim as required by section 439 of the Code of Civil Procedure.

We believe that attorneys representing insurance companies or others in settling claims, after obtaining the consent of all parties and by their agreement, as here, may settle a pending suit and receive in exchange therefor a release and dismissal, even a dismissal with prejudice, *and limit by the terms of their agreement the legal effect of such dismissal to the party who executes it.*

The interests of the individual involved and his insurance company may not always be the same. The insurance company may be motivated by reasons of practicality in settling a claim even when it is believed that the claim has a remote or nonexistent basis of legal liability. In some instances the expenses of defense may far exceed the amount for which the case could be settled. There the person or company obligated to bear the expenses of defending and possibly to pay a dubious claim should not be prevented from making a settlement for his or its own interests where the consent to such settlement is obtained from all interested parties.

Here appellant contends that by reason of the excusable mistake of his attorney he failed to inform the court that a condition of the Wymer settlement was that it was not to prejudice Manning's action.

Code of Civil Procedure section 473 states in part: ". . . The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ."

.The motion was made well within the required six-month period of time required by section 473. The mistake of counsel in failing to present the facts pertaining to the agreement that the dismissal was not to prejudice Manning was explained in the Cyril declaration, i.e., he was unaware by reason of a misunderstood phone conversation that the parties had agreed that the dismissal was not to prejudice the Manning action.

The error of counsel is within the meaning of excusable mistake as provided in Code of Civil Procedure section 473. ▉ It is the policy of the law that every case should be tried on its merits. The court in *Berri* v. *Rogero,* 168 Cal. 736, 740 [145 P. 95], stated: ''The policy of the law is to have every litigated case tried upon its merits, . . . Where a party in default makes seasonable application to be relieved therefrom, . . . and the plaintiff [defendant here] files no counter-affidavit and makes no showing that he has suffered any prejudice or that injustice will result 'from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default. . . .''

The trial court erred in denying appellant's motion under section 473 of the Code of Civil Procedure to vacate the judgment and the order for summary judgment. The summary judgment ordered for defendant Wymer is therefore reversed and the cause remanded for trial on the merits.

The motion to strike the affirmative defense, i.e., that the dismissal of action No. 560945 is a bar to action No. 560186, should be granted by the trial court in conformity to this opinion.

Draper, P. J., and David, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.