149 Cal.App.3d 1206 (1983)
197 Cal. Rptr. 446
WOLFRICH CORPORATION et al., Plaintiffs and Appellants,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION et al., Defendants and Respondents.
Docket No. AO15210.
Court of Appeals of California, First District, Division Five.
December 21, 1983.
*1208 COUNSEL
Freeman & Golden, Michael D. Freeman and Alan R. Golden for Plaintiffs and Appellants.
Gassett, Perry & Frank, Steven P. Cohn, Ronald L. Stefani and John F. Jenkel for Defendants and Respondents.
OPINION
HANING, J.
Plaintiffs/appellants Wolfrich Corporation and its two shareholders, Wolfgang and Erica Kleczek (Wolfrich), appeal from orders granting summary judgment in favor of defendants/respondents United Services Automobile Association (USAA), an insurance carrier, and judgment on the pleadings in favor of its attorneys.
The principal issue is whether the complaint states a cause of action against the attorneys representing USAA for conspiracy to violate, and violation of Insurance Code section 790.03, subdivision (h)(5).[1] (1) (See fn. 2.) We conclude that the complaint states a cause of action against the attorneys for conspiracy to violate section 790.03, subdivision (h)(5) and that the summary judgment for the carrier must be reversed due to the existence of triable issues of material facts.[2]
The complaint alleges, inter alia, the following: (1) an automobile owned by plaintiffs and driven by one Lawrence Conway was damaged as a result of Conway's negligence; (2) Conway was insured by USAA and filed a claim with USAA for damage to the automobile, which USAA did not pay; (3) USAA knew Conway was at fault for the damage and knew Conway had admitted liability; (4) plaintiffs demanded payment from USAA but received no response; (5) defendants made no good faith attempt to effect a prompt, fair and equitable settlement, in violation of Insurance Code section 790.03, subdivision (h); (6) plaintiffs filed suit against Conway for damages *1209 to their automobile. Plaintiffs attempted to settle the suit, but defendants refused to do so; (7) the case was tried, resulting in judgment for plaintiffs; (8) defendants filed a frivolous appeal and later abandoned it, thereby causing plaintiffs further damage by way of costs and attorney fees; (9) at the time the instant action was filed the judgment had still not been paid; (10) the attorneys were representing USAA as legal counsel throughout the proceedings; and finally, that (a) "... the conduct of defendants, and each of them, as alleged above is part of a common plan and scheme conceived and designed to discourage claimants of automobiles uninsured for physical damage, and particularly rental automobiles, driven by persons insured by USAA from making claims against the physical damage coverage of the USAA policy by making it uneconomical and burdensome for such claimants to pursue their claims;" and (b) "... the acts of defendants, and each of them, as aforesaid were wilfull, wanton, malicious and oppressive and were done in conscious disregard of the rights of plaintiffs herein, and were done for the purpose of subjecting plaintiffs to cruel and unjust hardship, and for the purpose of making an example of plaintiffs to discourage other similarly situated automobile rental companies from pursuing similar claims against USAA policies of insurance...."

The Judgment on the Pleadings in Favor of the Attorneys
(2) The judgment on the pleadings in favor of the attorneys may be upheld only if the complaint fails to state a cause of action against them. A motion for judgment on the pleadings operates as a general demurrer, and our review is restricted to the facts alleged in the complaint, which we must accept as true. (Morris v. Harbor Boat Building Co. (1952) 112 Cal. App.2d 882, 886 [247 P.2d 589]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, §§ 161-170.) It cannot be sustained "if the pleading, liberally construed, states a cause of action on any theory." (Covo v. Lobue (1963) 220 Cal. App.2d 218, 221 [33 Cal. Rptr. 828].)[3]
Section 790.03 generally prohibits certain activities and practices by those engaged in the business of insurance. (See also Ins. Code, §§ 790, 790.01.) Insurance is defined as "a contract whereby one undertakes to indemnify *1210 another against loss, damage, or liability arising from a contingent or unknown event." (Ins. Code, § 22.) (3a) While the "business of insurance" may encompass more than entering into such a contract, plaintiffs have failed to allege that the attorneys are engaged in the business of insurance. The complaint is devoid of any allegations of conduct resembling participation in the business of insuring which may be attributed to them. Indeed, the attorneys are clearly alleged to be attorneys and the complaint does not allege they were acting in any other capacity. No cause of action has been stated against them as insurers or persons engaged in the business of insurance.
The real problem is the issue of conspiracy to violate section 790.03, subdivision (h)(5). (4) "To state a cause of action for conspiracy the complaint must allege: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting. [Citations.]" (Unruh v. Truck Insurance Exchange (1972) 7 Cal.3d 616, 631 [102 Cal. Rptr. 815, 498 P.2d 1063]; see also Wyatt v. Union Mortgage Co. (1979) 24 Cal.3d 777, 784 [157 Cal. Rptr. 392, 598 P.2d 45].)
(3b) The complaint herein may reasonably be read to state a cause of action for civil conspiracy unless, as the attorneys contend, the relationship among the parties insulates them from conspiracy liability. For this contention they rely upon Gruenberg v. Aetna Ins. Co. (1973) 9 Cal.3d 566, 576 [108 Cal. Rptr. 480, 510 P.2d 1032], which in turn rests on Wise v. Southern Pacific Co. (1963) 223 Cal. App.2d 50, 72 [35 Cal. Rptr. 652]. The plaintiff in Wise alleged a conspiracy between his former employer and certain of its "employees, agents and representatives" to promote and obtain his wrongful discharge. Wise held that "[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage. [Citations.] This rule derives from the principle that ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract since being in a confidential relationship to the corporation their action in this respect is privileged. The inducement of the breach to be actionable must be both wrongful and unprivileged. [Citations.]" (Id., at pp. 72-73.)
In Gruenberg v. Aetna Ins. Co., supra, 9 Cal.3d 566, the owner of a business damaged by fire sued his insurance carrier, its law firm and outside adjustors for conspiracy to deprive him of the benefits of his policy in violation of the implied contractual covenant of good faith and fair dealing. Citing Wise, the Supreme Court dismissed the action against the adjusting firm and the attorneys, but did "not consider the possibility that they may *1211 have committed another tort in their respective capacities as total strangers to the contracts of insurance." (Gruenberg, supra, at p. 576.)
The Gruenberg-Wise line of authority provides immunity for attorneys against charges of conspiracy based upon advice rendered to clients accused of breach of contract  a situation not present in the instant case. Attorneys may be liable for participation in tortious acts with their clients, and such liability may rest on a conspiracy. (Wyatt v. Union Mortgage Co., supra, 24 Cal.3d at p. 784; Unruh v. Truck Insurance Exchange, supra, 7 Cal.3d at p. 631; Black v. Sullivan, supra, 48 Cal. App.3d at pp. 566-567; see also Younan v. Equifax Inc. (1980) 111 Cal. App.3d 498, 511 [169 Cal. Rptr. 478].)
We emphasize that we are dealing here with a judgment on the pleadings, and are bound to construe the complaint liberally. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 330.) Attorneys who are properly advising and representing their clients are not, ipso facto, liable for the acts or omissions of those clients. Attorneys have a high obligation to represent and protect the interests of their clients zealously, and to that end may properly challenge the validity of any law or decision. (People v. McKenzie (1983) 34 Cal.3d 616 [194 Cal. Rptr. 462, 668 P.2d 769]; Maxwell v. Superior Court (1982) 30 Cal.3d 606 [180 Cal. Rptr. 177, 639 P.2d 248, 18 A.L.R.4th 333]; Smith v. Lewis (1975) 13 Cal.3d 349 [118 Cal. Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231]; Rules Prof. Conduct of State Bar, rule 7-101.) Attorneys act as counsellors, and in rendering advice to their clients may, and when appropriate should, consider social, economic and even political factors as well as legal. (ABA Model Rules of Prof. Conduct, rule 2.1.) Clients have a right to expect their attorneys to render complete and candid advice. (ABA Model Rules of Prof. Conduct, rules 1.1, 1.3, 1.4, 2.1; Rules Prof. Conduct of State Bar, rule 6-101.) Clients seeking to minimize their losses or maximize potential gains frequently want, and are entitled, to know the precise limits of the laws within which they can act without committing any violation thereof. This is the primary reason why many persons retain attorneys. Consequently, attorneys must be free to fully advise and represent their clients without fear of subjecting themselves to liability as a result of the proper discharge of their professional obligations. Any rule to the contrary would constitute a serious impairment to the attorney-client relationship, and a resulting deleterious effect on the administration of justice. (See Smith v. Lewis, supra, 13 Cal.3d 349; Goodley v. Wank & Wank, Inc. (1976) 62 Cal. App.3d 389 [133 Cal. Rptr. 83]; Tool Research & Engineering Corp. v. Henigson (1975) 46 Cal. App.3d 675 [120 Cal. Rptr. 291].)
*1212 Since plaintiffs have alleged the necessary facts to state a cause of action based on conspiracy, it was error to grant the judgment on the pleadings in favor of the attorneys.[4]

The Summary Judgment in Favor of USAA
(5) The rules for review of summary judgments are well known and need no repetition. (See Black v. Sullivan (1975) 48 Cal. App.3d 557, 567 [122 Cal. Rptr. 119]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 173 et seq.) Summary judgment will not be sustained if triable issues of material fact exist; if they do, the trial court cannot decide them except by trial. (Ibid.) Without listing all the detail, it is sufficient to say the affidavits of USAA in support of its summary judgment motion recite facts constituting a denial of the allegations in the complaint, or aver contrary facts. Plaintiffs' affidavits contain facts to support their complaint.[5] Consequently, virtually all the relevant factual allegations of the complaint are disputed and the entry of summary judgment for USAA was erroneous.
The judgments are reversed and remanded for further proceedings consistent with this decision.
Low, P.J., and King, J., concurred.
Respondents' petition for a hearing by the Supreme Court was denied February 23, 1984.
NOTES
[1] Insurance Code section 790.03, subdivision (h)(5) states: "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.... [¶] (h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:... [¶] (5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

Unless otherwise designated, all statutory references are to the Insurance Code.
[2] Orders granting summary judgment and judgment on the pleadings are nonappealable. (Stevens v. Key Resistor Corp. (1960) 186 Cal. App.2d 325, 326 [8 Cal. Rptr. 908] and Integral Land Corp. v. Anderson (1944) 62 Cal. App.2d 770, 771 [145 P.2d 364].) Because this appeal was taken from such orders, it was prematurely filed and hence, is subject to dismissal. However, since the trial court rendered summary judgment and judgment on the pleadings after the appeal was noticed, we may apply the appeal to those judgments and treat it as if timely filed. (Artucovich v. Arizmendiz (1967) 256 Cal. App.2d 130, 132 [63 Cal. Rptr. 810].)
[3] The attorneys contend plaintiffs first raise the conspiracy issue on appeal and we are barred from considering this issue. However, the complaint clearly alleges facts constituting a conspiracy  it is not necessary that words "conspire" or "conspiracy" be used. (Bartley v. California Association of Realtors (1980) 115 Cal. App.3d 930 [173 Cal. Rptr. 284]; Kramer v. Ferguson (1964) 230 Cal. App.2d 237 [41 Cal. Rptr. 61].)
[4] We note, however, that based on the affidavits and documents involved in the summary judgment proceeding, there is no evidence to indicate the attorneys were acting in any manner which subjects them to liability. The affidavits and documents appended thereto reveal nothing more than attorneys rendering appropriate advice and counsel. If a motion for summary judgment were made on their behalf based upon this record, they would prevail.
[5] See pages 1208 and 1209, supra.