[Civ. No. 85.   Second Appellate District.—December 1, 1905.]

## JAMES WILLSON, Respondent, v. A. GREGORY, Appellant.

SALES—ACTION BY SELLER—BREACH OF CONTRACT TO PURCHASE ORANGE CROP—MEASURE OF DAMAGES.—In an action by a seller for breach of a contract to purchase a crop of oranges, the measure of damages is that fixed by subdivision 2 of section 3311 and section 3353 of the Civil Code.

ID.—UNSUPPORTED FINDING AND JUDGMENT.—*Held,* upon review of the evidence, that a finding pursuant to section 3353 of the Civil Code, that the price obtained by resale of the orange crop ''was the best price which plaintiff could have obtained therefor in the market nearest to the place at which it should have been accepted by the defendant, and at such time after the refusal of the defendant to perform said contract as would have been sufficient with reasonable diligence to effect a resale,'' was unsupported by and contrary to the evidence.   Also, *held,* that the remaining findings are insufficient to support the judgment for damages awarded to the plaintiff.

ID.—DATE OF BREACH—COMPROMISE OF PRIOR SUIT FOR ORANGES DELIVERED—FINDINGS—ACTION FOR BREACH NOT BARRED.—A finding fixing the date of the breach of the contract by the purchaser at a time subsequent to a suit for oranges delivered must be accepted as the time of accrual of the cause of action for the breach, and where the court finds upon sufficient evidence that the compromise and settlement of said suit was not in full of all claims under the contract, such suit and compromise did not operate as a bar to the action for breach of the contract.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Frank C. Prescott, and Prescott & Morris, for Appellant.

Henry M. Willis, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff, with bill of exceptions bringing up the evidence.   The suit was brought for damages for breach of a contract, by the terms of which plaintiff agreed to sell to defendant, to be delivered at defendant's packing-house at Portersville, a cer-

tain crop of navel and seedling oranges for the price of $1 per packed box for the latter, and for the former, for oranges delivered up to and including November 10, 1900, $1.75 per packed box, and for oranges thereafter delivered, $1.50. The defendant received and paid for a portion of the crop, but refused to receive the balance.

The allegations of the complaint as to damages are in effect: That by reason of the breach of said agreement by defendant plaintiff was compelled to sell the remainder of his crop in the open market, exercising therein due and reasonable diligence and obtaining therefor as much as he could under the market prices and prevailing conditions; that the amount received therefor was $648.81; and that the difference between the agreed price and the amount received by plaintiff was the sum of $740.19, etc.

The findings of the court are in effect: That upon the refusal by the defendant to accept the remainder of the crop the plaintiff made efforts to sell the same in Portersville, but was unable to do so; that thereupon the plaintiff delivered the remainder of the crop to the Fay Fruit Company of that place to be sold on commission; that plaintiff was unable to sell or otherwise to dispose of the crop; that the fruit delivered was sold by plaintiff, through the Fay Fruit Company on commission, with reasonable diligence; and that the sum received, "after deducting all the expenses incurred by plaintiff in effecting the resale," was as alleged by the plaintiff, $648.81.

It is further found that this "was the best price which plaintiff could have obtained therefor in the market nearest to the place at which it should have been accepted by the defendant, and at such time after the refusal of the defendant to perform said contract as would have sufficed with reasonable diligence for the plaintiff to effect a resale." But from the evidence it appears, without substantial contradiction, that the market price of oranges at Portersville during the periods referred to was much higher, and there was no evidence as to the value of the fruit in any other market; nor was there any evidence or finding as to the market nearest to Portersville, or as to where or when the oranges were sold. It is clear, therefore, that this portion of the finding is not sustained by the evidence, and that it must be disregarded. Upon the remaining facts found was the plaintiff entitled to

the damages found and adjudged to him? The rule of damages in such cases as the present is as prescribed in section 3311, subdivision 2, and section 3353, of the Civil Code.

It appears from the evidence that on the twenty-eighth day of November, 1900, a suit was brought by the plaintiff against the defendant for the sum of $299—the balance of the purchase money due on the oranges delivered. This suit was settled for the sum of $263.10; and it is claimed by the appellant that this is a bar to the present suit, which is on the same contract; and that the amount paid then was in full of all claims under the contract. But the latter point is disposed of by finding of the court to the contrary; and with reference to the former, it is found by the court that the offer of the plaintiff to deliver the balance of the crop was of date December 4, 1900; which must be taken as the date of the breach sued on, and as the date of the origin of plaintiff's cause of action. Both these findings seem to be supported by the evidence, and it is, therefore, clear that neither of the points urged by the appellant is tenable.

The judgment is reversed, and the cause remanded, with directions to allow the plaintiff to amend his complaint, if he be so advised.

Gray, P. J., and Allen, J., concurred.