[No. B056202. Second Dist., Div. Three. Sept. 24, 1991.]

HELEN H. RUFFALO, Plaintiff and Appellant, v.
PAUL S. PATTERSON, Defendant and Respondent.

COUNSEL

Lawrence D. Rohlfing for Plaintiff and Appellant.

Ralph M. Monkarsh and Jerrold S. Gross for Defendant and Respondent.

OPINION

**DANIELSON, Acting P. J.**—Plaintiff and appellant Helen H. Ruffalo appeals from the judgment entered in favor of defendant and respondent Paul S. Patterson, in an action for damages for legal malpractice. We reverse the judgment.

FACTS

In her first amended complaint, plaintiff alleged she retained defendant to represent her in a proceeding for dissolution of her marriage; defendant knew or should have known she and her husband had prosecuted a prior dissolution proceeding wherein an interlocutory order was entered dividing their community assets, and plaintiff had used the property awarded her to purchase in her own name property located at 14130 Fonseca in La Mirada (the Fonseca property); defendant knew or should have known she and her husband resumed living together following entry of the interlocutory judgment, but did not reconcile; defendant failed to exercise reasonable care and skill in rendering his legal services, in that he instructed her to characterize the Fonseca property as community property in her answers to interrogatories and deposition questions; in the course of the dissolution proceeding she fired defendant and retained new counsel, who raised the issue of plaintiff's separate property interest in the Fonseca property; however, the trial court

nonetheless found the property to be community property, which it would not have done had defendant properly advised her as to its character.[1]

In the present action, plaintiff sought to recover the difference between the value of her community property interest in the Fonseca property and the value of her interest in the residence had it been adjudicated her separate property.

Defendant filed a motion for summary judgment on the ground that plaintiff is collaterally estopped from relitigating the issue of the separate or community character of the Fonseca property in the malpractice action since that issue was raised and tried in the prior dissolution action to which she was a party, and the property was there finally adjudged to be community property. The motion for summary judgment was denied, as were petitions for writ of mandate to Division Seven of this court, and for review filed in our Supreme Court.

On the date set for trial, defendant filed a document entitled "Defendant's Requests for Order on the Court's Own Motion re: Order of Proof, For Order Requiring Plaintiff to Make the Herein Specified Offer of Proof and Memorandum of Points and Authorities in Support Thereof," seeking the court's order that the issues of collateral estoppel and whether, but for defendant's alleged negligence, the court in the dissolution action would have found the Fonseca residence to be plaintiff's separate property. Defendant also requested that plaintiff be required to make an offer of proof with respect to the latter issue.

The trial court construed these requests as a motion *in limine* to exclude evidence on the issue of the separate or community character of the Fonseca residence and, after hearing argument on the motion, granted the same on the ground that plaintiff was collaterally estopped from litigating the community or separate character of the property in this malpractice action since the identical issue had been adjudicated in the prior dissolution action. Inasmuch as the court's ruling precluded plaintiff from proving an essential element of her malpractice action, her counsel requested that judgment for defendant be entered. Judgment was entered accordingly on November 30, 1990; notice thereof was mailed to plaintiff's counsel on December 4, 1990; and plaintiff's notice of appeal was timely filed on January 28, 1991.

## ISSUE

The sole issue before us on this appeal is whether plaintiff is collaterally estopped, by the court's determination in the marital dissolution action, from

---

[1] It should be noted that the parties did not request, and the court did not execute, a statement of decision in the dissolution action.

raising issues with respect to the community or separate character of the Fonseca property in this legal malpractice action.

### Discussion

■ Witkin explains: "The rule of issue preclusion, sometimes referred to as collateral estoppel . . . is that a party ordinarily may not relitigate an issue that he fully and fairly litigated on a previous occasion." (Italics deleted.) (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 190, p. 623, citing Rest.2d Judgments, §§ 27, 28.) The sense of this legal malpractice case is plaintiff's claim that she was precluded by her attorney's negligence from fully and fairly litigating the character of the Fonseca property in the previous dissolution action. Moreover, she does not seek a redetermination as to the character of the property; rather, she seeks to recover for her attorney's alleged negligence in instructing and causing her to characterize the property as community property in the dissolution action. Her contention is that the court's decision therein would have been different absent the negligence of her attorney, who is the defendant in this action.

To hold otherwise would be to rule that where an attorney's negligence has caused a court to make an erroneous adjudication of an issue, the fact that the court has made that adjudication absolves the attorney of all accountability and responsibility for his negligence. That cannot be and is not the rule. The doctrine of collateral estoppel does not apply. (See, e.g., *Smith* v. *Lewis* (1975) 13 Cal.3d 349 [118 Cal.Rptr. 621, 530 P.2d 589], overruled on another point in *In re Marriage of Brown* (1976) 15 Cal.3d 838, 851, fn. 14 [126 Cal.Rptr. 633, 544 P.2d 561].)

### Decision

The judgment is reversed. Appellant to recover costs on this appeal.

Croskey, J., and Hinz, J., concurred.