In re FINLEY, KUMBLE, WAGNER, HEINE, UNDERBERG, MANLEY, MYERSON & CASEY, Debtor.

Lynn REDGRAVE, John Clark and Kellybee Enterprises, Inc., Claimants–Appellants,

v.

Francis H. MUSSELMAN, Chapter 11 Trustee of the Estate of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Debtor, Appellee.

Lynn REDGRAVE, Defendant–Appellant,

v.

Francis H. MUSSELMAN, Chapter 11 Trustee, of the Estate of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Debtor, Plaintiff–Appellee.

Nos. 92 Civ. 0366 (JES), 92 Civ. 0795 (JES).

United States District Court, S.D. New York.

July 6, 1993.

Lynn Redgrave, pro se.

John Clark, pro se.

Milbank, Tweed, Hadley & McCloy, New York City (Susanne M. Toes, of counsel), Christy & Viener, New York City (Salvatore A. Santoro, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

For the reasons that follow, the decisions of the bankruptcy court are affirmed.

## BACKGROUND

These two bankruptcy appeals arise out of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey's ("Finley, Kumble") representation pursuant to a retention contract dated January 15, 1986, Aff. of Susanne Toes dated October 25, 1991 ("Rec."), Ex. H, of actress Lynn Redgrave ("Redgrave"), her loanout company Kellybee Enterprises, Inc. ("Kellybee"), and her husband John Clark ("Clark"), President of Kellybee, in their California state court action against MCA, Inc. and Universal Television, Inc. for the alleged wrongful termination of Redgrave from the television show "Housecalls" (the "MCA action"). Rec.Ex. A. The MCA action never went to trial on the merits because of a purported settlement of that action which was subsequently disputed. That dispute was resolved after a three-day bench trial that was conducted before the Hon. Jack T. Ryburn of the Superior Court of California, County of Los Angeles, from February 9 through 11, 1987, who found that between June 9 and 12, 1986, Clark had negotiated a binding oral settlement of the MCA action without the assistance of counsel. Rec.Ex. V at 3.

Redgrave, Clark and Kellybee tried to attack this finding three times. First, on behalf of Redgrave, Clark and Kellybee, Finley, Kumble filed a motion to reopen the MCA action and to admit taped recordings of the settlement negotiations as newly discovered evidence. However, contrary to prior assertions made by Clark twice under oath, the tapes had been in Clark's possession at the time of the trial. Rec.Ex. G at 12–13. Judge Ryburn denied the motion on the ground that the tape recordings were clearly not newly discovered evidence. The Court further found that, in any event, the transcript of the tapes was consistent with its finding that a binding oral settlement had been reached. Rec.Ex. M at 2.

After the denial of the motion to reopen, Redgrave, Clark and Kellybee terminated their employment of Finley, Kumble and retained Peter DiDonato, Esq. ("DiDonato"), Rec.Ex. N, and filed a second motion for a new trial, this time alleging that Finley, Kumble's conduct prejudiced the outcome of the settlement trial. Judge Ryburn denied the motion, specifically finding that Finley, Kumble was "competent trial counsel" for Redgrave, Clark and Kellybee. Rec.Ex. O.

Finally, Redgrave, Clark and Kellybee appealed both the trial court's decision in the settlement trial and its denial of the motions for a new trial. On December 27, 1988, the Court of Appeal of the State of California affirmed the trial court's decisions in all respects. Rec.Ex. G.

After exhausting all appeals in the underlying MCA action, on or about December 28, 1987, Redgrave, Clark, and Kellybee commenced a malpractice action against Finley, Kumble in the Superior Court of California, County of Los Angeles, based upon the same conduct in the settlement trial that formed the basis for the second motion for a new trial referred to above. Redgrave Party's [sic] Brief (hereinafter "Decls. of Redgrave and Clark")[1] Ex. X. On October 25, 1988, Redgrave, Clark and Kellybee converted this action into a malpractice proof of claim for $12,000,000 in the Finley, Kumble bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York. Rec.Ex. P. After attempts to settle the claim failed, Aff. of Susanne Toes dated September 4, 1992 ("Toes Aff.") ¶ 5, in September 1991 the Trustee brought a motion for summary judgment pursuant to Fed.R.Civ.Proc. 56 and Bankruptcy Rule 7056. United States Bankruptcy Judge Francis Conrad granted the Trustee's motion and, on December 3, 1991, entered an order setting forth his findings of fact and conclusions of law. Redgrave, Clark and

---

1. Although on December 15, 1992, Redgrave and Clark filed a document entitled "Redgrave Party's Brief," it is in fact not a memorandum of law but rather the declarations of Redgrave and Clark, dated December 27, 1992, and their attached exhibits. On the same date, Redgrave

and Clark submitted a memorandum of law written by their former attorney DiDonato and previously submitted to the bankruptcy court on Finley, Kumble's motion for summary judgment. This Court has considered both documents.

Kellybee[2] filed a notice of appeal from this order on December 20, 1991.[3]

Meanwhile, on March 5, 1990, Finley, Kumble's Trustee filed an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York against Redgrave to recover payment of legal fees allegedly owed to Finley, Kumble for representation in the MCA action during 1986 and 1987. Aff. of Susanne Toes dated July 23, 1992 ¶ 3. After a trial on December 4 and 5, 1991, Bankruptcy Judge Conrad rendered judgment in favor of the Trustee and, by order dated January 10, 1992, directed Redgrave to pay to the Trustee $155,756.30, plus interest. *Id.* Redgrave filed a notice of appeal from this judgment on January 17, 1992.[4]

## DISCUSSION

I. *The Bankruptcy Court's Summary Judgment on the Malpractice Claim*

The decision of the Bankruptcy Court to grant summary judgment on Redgrave, Kellybee and Clark's malpractice claim is affirmed for the following reasons.

■ First, Redgrave and Clark's malpractice claim was properly dismissed because no rational finding could be made that but for Finley, Kumble's negligence, they would have prevailed in the settlement trial. *See Budd v. Nixen,* 6 Cal.3d 195, 98 Cal.Rptr. 849, 852, 491 P.2d 433, 436 (1971). The documentary proof establishing the oral settlement left no room for a rational dispute as to the binding nature of the oral settlement agreement. Indeed, on Red-

grave, Clark and Kellybee's motion to admit tapes of the settlement negotiations as new evidence, the California trial court explicitly found that the unadmitted tapes were consistent with and supported its previous finding that the oral settlement was binding. Rec.Ex. M at 2. It is clear that the finding of the California court ultimately rested upon indisputable documentary proof, *i.e.,* a tape recording, *id.,* and not upon the resolution of differing recollections of what had occurred. It follows that any attorney negligence in the trial on the issue of whether a binding settlement had been reached could not have affected the trial court's ultimate finding.

■ Furthermore, the California trial court specifically addressed the issue of attorney negligence on Redgrave, Clark and Kellybee's motion for a new trial, in which they alleged, *inter alia,* that their settlement trial had been "prejudicially compromised as a result of [their] former attorneys' misconduct," Decls. of Redgrave and Clark, Ex. Y at 20 ¶ 24, and that "a retrial would bring about a different result." *Id.* at ¶ 25. After considering these allegations of negligence, which Redgrave and Clark have also made here, the California trial court held that Finley, Kumble's representation was reasonable:

"Plaintiffs were represented by competent counsel who as a matter of strategy waived jury [sic], and plaintiffs could not wait until after a decision adverse to them and then claim their attorney had no authority, nor can they complain that Miss. [sic] Redgrave was not present at

---

2. On June 25, 1992, Redgrave's and Clark's attorney filed a notice of disqualification. Redgrave and Clark have proceeded *pro se* since that date. Clark has submitted a letter purporting to memorialize Kellybee's transfer of its claim against Finley, Kumble, but it is unclear from the text of the letter to whom the transfer was made. Unsworn Aff. of Redgrave and Clark filed December 11, 1992, Ex. A. In any event, the transfer was invalid because under California law, legal malpractice claims sounding in negligence or breach of contract are not assignable. *See Goodley v. Wank & Wank, Inc.,* 62 Cal.App.3d 389, 133 Cal.Rptr. 83 (1976); *Jackson v. Rogers & Wells,* 210 Cal.App.3d 336, 258 Cal.Rptr. 454 (1989).

3. By order dated January 17, 1992, this Court dismissed this appeal for failure to prosecute. This Court later vacated this order of dismissal on December 21, 1992.

4. By order dated February 4, 1992, Judge Kimba M. Wood dismissed this appeal for failure to prosecute. Toes Aff.Ex. 7. On August 20, 1992, Redgrave moved to vacate Judge Wood's order. On September 18, 1992, this case was transferred to this Court as related to Redgrave, Clark and Kellybee's appeal from summary judgment on the malpractice claim. This Court vacated Judge Wood's order of dismissal on December 21, 1992, so that both appeals could be heard on the merits.

trial, since it was at their request that she was not required to attend as defendants demanded.... Trial counsel were allowed to testify over objection for the benefit of plaintiffs." Rec.Ex. O. Moreover, on appeal the California Court of Appeal considered what it found to be Redgrave, Clark and Kellybee's "bald assertions" of attorney misconduct and held that Redgrave, Clark and Kellybee had "failed to bear their burden of showing reversible error." Rec.Ex. G at 15.

The California trial court's finding that there was no attorney negligence during the settlement trial is binding and entitled to preclusive effect on the issue of negligence in this proceeding. *Bernhard v. Bank of America,* 19 Cal.2d 807, 122 P.2d 892, 895 (1942). Therefore, the Bankruptcy Court was not even required to reexamine the California trial court's finding in concluding that as a matter of law the alleged acts of malpractice could have caused no legal damage to Redgrave and Clark. *See, e.g., Hashemi v. Shack,* 609 F.Supp. 391 (S.D.N.Y.1984); *Geraci v. Bauman, Greene & Kunkis, P.C.,* 171 A.D.2d 454, 567 N.Y.S.2d 36, 37 (1991).

The fact that Finley, Kumble was not a party to the first suit does not render the doctrine of collateral estoppel inapplicable. Under both California and federal law, mutuality is not required so long as Redgrave and Clark had a similar incentive and a fair and full opportunity to litigate the issue before the California judge. *Id.; see also*

*Bernhard v. Bank of America,* 19 Cal.2d 807, 122 P.2d 892 (1942); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327, 99 S.Ct. 645, 649–50, 58 L.Ed.2d 552 (1979).

The Court is convinced that Redgrave and Clark possessed the requisite incentive to litigate the issue of attorney negligence in the proceedings in the MCA action because the amount Redgrave, Clark and Kellybee claimed in that action exceeded $5,000,000, Rec.Ex. A at 9–10, and, moreover as plaintiffs, they had chosen that forum to litigate that issue. Moreover, Redgrave and Clark had a fair and full opportunity to present their claim of attorney negligence since they had retained new counsel [5] to present their claim of attorney negligence on the motion for a new trial before the California trial court and on the appeal before the California Court of Appeal. Accordingly, Redgrave and Clark are collaterally estopped from relitigating the issue of Finley, Kumble's negligence which was resolved against them in their action against MCA.[6]

## II. *The Bankruptcy Court's Adversary Proceeding on the Legal Fees Due*

Although Finley, Kumble's alleged negligence during the settlement trial caused Redgrave no legal damage, it does not necessarily follow, as the Bankruptcy Court apparently concluded, that Redgrave's allegations of professional negligence during the entire term of Finley, Kumble's representation were irrelevant to

**5.** *Ruffalo v. Patterson,* 234 Cal.App.3d 341, 285 Cal.Rptr. 647 (1991), is inapposite. In that case, the California Court of Appeal refused to accept as binding a prior adjudication of certain property as community property on the ground that the plaintiff's lawyer's negligence in characterizing the property might have affected that court's finding. That case is distinguishable because the issue of attorney negligence was never raised in the underlying action, whereas Redgrave, Clark and Kellybee did petition both the California trial court and the California Court of Appeal to reconsider or review the finding of a binding settlement contract in light of their allegations of attorney negligence. Moreover, whereas the issue at stake in *Ruffalo,* the characterization of certain property in a marriage dissolution, required legal judgment, Judge Ryburn's fact finding in the MCA action, as dis-

cussed above, turned on the existence of indisputable documentary evidence.

**6.** At oral argument, Redgrave and Clark asserted that they were denied a fair and full opportunity to litigate the motion for a new trial and the appeal because their new counsel, Peter DiDonato, Esq., represented them negligently. If Redgrave and Clark were ill-served by that lawyer, however, their recourse is a suit for malpractice against him. *See Kensington Rock Island Ltd. Partnership v. American Eagle Historic Partners,* 921 F.2d 122, 126 (7th Cir.1990). Indeed, if successive claims of attorney malpractice were themselves sufficient to avoid collateral estoppel, no fact finding or judgment would be subject to collateral estoppel or res judicata.

a determination of what amount of legal fees, if any, were owing to Finley, Kumble. In a suit for recovery of legal fees, a client may raise unreasonableness as a defense. *Petition of Rosenman Colin Freund Lewis & Cohen,* 600 F.Supp. 527, 534 (S.D.N.Y. 1984). Alleged acts of professional negligence can and do affect the reasonable value of the legal services performed, *see, e.g., Gusman v. Unisys Corp.,* 986 F.2d 1146, 1150–51 (7th Cir.1993), even where the alleged malpractice was not the legal cause of any damages to Redgrave. However, since the issue of the quality of Finley, Kumble's representation was expressly ruled on by the California Court, as noted above, it could not be properly raised as a defense here.

In any event, even assuming *arguendo* that that is not the case, the Bankruptcy Court made an implicit finding that the alleged acts of negligence during the settlement trial did not impact the amount of the legal fees due because Finley, Kumble subsequently "made substantial efforts in order to overturn that decision." Bankr.Trial Tr. 325. Moreover, without specifically addressing each of Redgrave's allegations of negligence, the Bankruptcy Court also found that Finley, Kumble's management of the MCA action was reasonable because "there is no doubt from the time records that they acted with proper due diligence." *Id.* at 331. It follows that Redgrave has failed to demonstrate on this record that the Bankruptcy Court's finding as to the amount of reasonable attorneys fees is "clearly erroneous." Fed.R.Bankr.Proc. 8013.[7]

### CONCLUSION

Accordingly, for the reasons given above, the decisions of the bankruptcy court shall be and hereby are affirmed. The Clerk of the Court is directed to enter appropriate judgments and close the above-captioned actions.

It is SO ORDERED.

---

7. Redgrave did not file a brief in support of her appeal of the adversary proceeding order. At the December 11, 1992 Oral Argument on Redgrave's motion to vacate this Court's order of dismissal of appeal, the Court ruled that the motion would be granted on the condition that Redgrave file a brief in support of her appeal on or before December 28, 1992. The Trustee contends that Redgrave has waived her appeal of the adversary proceeding by failing to file a brief. Because Redgrave is *pro se,* and in the interest of judicial economy, the Court declines to decide the case on that basis.