[No. B147087. Second Dist., Div. One. Dec. 20, 2001.]

CRYSTAL LYNN MORRIS, Plaintiff and Appellant, v.
MICHELLE ANN BLANK, Defendant and Respondent.

**COUNSEL**

Selman Breitman, Eldon S. Edson, Kelly M. Lynch and Lynette Klawon for Plaintiff and Appellant.

Calendo, Puckett, Sheedy & DiCorrado, Kim B. Puckett and Michael I. D. Mercy for Defendant and Respondent.

OPINION

SPENCER, P. J.—

INTRODUCTION

Plaintiff Crystal Lynn Morris appeals from a summary judgment in favor of defendant Michelle Ann Blank. We reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Crystal Lynn Morris (Morris) and Bertha Allen (Allen) through Attorney Arthur H. Barens filed their complaint in this action on November 16, 1999, in the superior court in the North Valley District. They sought damages for personal injury and property damage arising out of an automobile accident occurring on December 18, 1998, in Newhall. They served a copy of the complaint on defendant on December 2, 1999.

On December 10, 1999, defendant Michelle Ann Blank (Blank), in propria persona, filed a similar complaint against Morris in the municipal court in the Newhall Judicial District. Blank then obtained counsel.[1] Through her counsel, on January 12, 2000, Blank filed an answer to Morris's and Allen's complaint, as well as a cross-complaint for declaratory relief and apportionment of fault. She served a copy of the answer on Morris's counsel. She did not at that time serve a copy of the cross-complaint on Morris's counsel.[2] Neither Blank's answer nor her cross-complaint mentioned her municipal court action. She did not file a notice of related case. Thereafter, on March 20, Blank served on Morris a copy of the summons and complaint in her municipal court action.

On April 19, 2000, Blank's husband contacted Morris's insurer, Carnet Insurance Company (Carnet), regarding settlement of Blank's municipal court action. Carnet responded by letter the same day confirming that it had

[1]Her counsel, Attorney Kim B. Puckett, represented her on behalf of the Interinsurance Exchange of the Automobile Club of Southern California.

[2]The cross-complaint was not served on Morris's counsel until June 28, 2000, after the court ordered Blank to serve it.

agreed to settle Blank's claim for $1,200.[3] It requested that Blank's husband send a copy of the summons and complaint to its attorneys, Selman Breitman, who would exchange settlement drafts for releases and a dismissal. He did so.

On May 18, 2000, Morris's and Allen's attorney filed an amendment to complaint. The form was for the municipal court in the Newhall Judicial District and had on it the number of Blank's municipal court action. However, it identified the case by the name of Morris's superior court action, added the Interinsurance Exchange of the Automobile Club as a Doe defendant, and was filed in the superior court. The proof of service identified the case as Morris's superior court action.

Blank signed a release of all claims on May 12, 2000. On June 6, Blank, in propria persona, filed a request for dismissal with prejudice of her municipal court action. The dismissal was entered as requested. Blank received $1,200 in settlement of her claim.

Blank, through her counsel, then filed a motion for summary judgment as to Morris in Morris's and Allen's superior court action. This was based on the settlement and dismissal of Blank's municipal court action acting as a retraxit to bar Morris's action. Morris filed opposition to the motion, claiming retraxit was inapplicable.

The trial court granted Blank's summary judgment motion on the ground the settlement and dismissal of Blank's municipal court action acted as a retraxit to bar Morris's superior court action. The court nonetheless expressed its belief that this result was "unfair and unnecessary." It also noted that Morris might have an action against her insurer, but that would require a new lawsuit. It thereafter entered judgment in favor of Blank.

## CONTENTIONS

### I

Plaintiff Morris contends that, contrary to the trial court's opinion, the doctrine of retraxit is inapplicable to this case.

### II

Morris further contends that, if retraxit is applicable, the modern world of insurance law and practices mandates that it not be applied here.

---

[3] Apparently, Blank's two children also submitted claims against Morris. Carnet agreed to settle their claims for $1,000 apiece.

## DISCUSSION

We begin our discussion by setting forth the standard of review. Summary judgment properly is granted if there is no question of fact and the issues raised by the pleadings may be decided as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].) To secure summary judgment, a moving defendant may show that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar, supra,* at p. 849.) On appeal, this court exercises its independent judgment in determining whether there are no triable issues of material fact and the moving party thus is entitled to judgment as a matter of law. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334-335 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) We must uphold the judgment if it is correct on any ground, regardless of the reasons the trial court gave. (*Biljac Associates v. First Interstate Bank* (1990) 218 Cal.App.3d 1410, 1419 [267 Cal.Rptr. 819].)

Plaintiff Morris challenges the application of the doctrine of retraxit to this case. The trial court found retraxit applied and, as a matter of law, barred Morris's litigation of her case.

In common law, a retraxit was "a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action." (Black's Law Dict. (5th ed. 1979) p. 1183; accord, *Rice v. Crow* (2000) 81 Cal.App.4th 725, 733 [97 Cal.Rptr.2d 110]; *Ghiringhelli v. Riboni* (1950) 95 Cal.App.2d 503, 506 [213 P.2d 17].) In California, the same effect is now accomplished by a dismissal with prejudice. (*Ghiringhelli, supra,* at p. 506; see also *Robinson v. Hiles* (1953) 119 Cal.App.2d 666, 672 [260 P.2d 194].)

Under the doctrine of retraxit, " '[w]here the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.' " (*Datta v. Staab* (1959) 173 Cal.App.2d 613, 621 [343 P.2d 977].) The doctrine has been applied to cases such as the instant one, where one party dismisses an action with prejudice, and the other party seeks further litigation on the same subject matter.

In *Rothtrock v. Ohio Farmers Ins. Co.* (1965) 233 Cal.App.2d 616 [43 Cal.Rptr. 716], Rothtrock was involved in an automobile accident with Miller. Miller sued her in municipal court. Rothtrock tendered defense of the action to her insurer. Her insurer settled with Miller in exchange for a

dismissal with prejudice of the municipal court action. During the settlement proceedings, Rothtrock brought an action in superior court against Miller for her injuries suffered in the accident. Miller raised the dismissal with prejudice of his municipal court action as a defense and moved for dismissal of the superior court action. The superior court dismissed Rothtrock's action on this basis. (At pp. 618-620.)

Rothtrock then sued her insurer for its negligence in failing to protect her ability to recover against Miller. Her insurer obtained a summary judgment in the action. (*Rothtrock v. Ohio Farmers Ins. Co., supra*, 233 Cal.App.2d at p. 618.) On appeal, the court concluded that the dismissal with prejudice of Miller's municipal court action constituted a retraxit. (*Id.* at pp. 621-622.) While the settlement and dismissal with prejudice of Miller's municipal court action "was obviously entered into by [Rothtrock's insurer] with the idea of barring . . . Miller from any further action in connection with the claim against [Rothtrock] asserted in his pleadings, . . . it had the additional effect of barring [Rothtrock] from any further action against Miller." (*Ibid.*) The court then went on to discuss how Rothtrock's insurer's actions might have constituted negligence, in that they precluded plaintiff from prosecuting her case. (*Id.* at pp. 622-623.)

*Rothtrock* was based upon *Datta v. Staab* (1959) 173 Cal.App.2d 613 [343 P.2d 977]. *Datta* noted that a dismissal with prejudice "has the same legal effect as a common law retraxit." (At p. 621.) That is, it operates as a bar to future actions. (*Ibid.*) Thus, the court held that "a dismissal after issues are joined, executed in return for a consideration moving from the defendant and which is to operate as a retraxit, is not only res judicata as to the claims of the plaintiff but as a result of the provisions of Code of Civil Procedure, section 439, it operates also as a collateral estoppel—a bar to any claim which defendant could have asserted in said action as a counterclaim arising out of the same transaction. Since it is within the exclusive power of the defendant to bring about such result by the settlement of plaintiff's claim, such a rule would appear to be just and in harmony with the objectives of the statute in question." (*Datta, supra*, at p. 621.)

*Datta* relied on the doctrines of res judicata and collateral estoppel to determine whether litigation is barred. It did not rely on the common law doctrine of retraxit. The *Rothtrock* court apparently misunderstood the holding in *Datta*.[4] Under *Datta*, when there is a voluntary dismissal with prejudice under Code of Civil Procedure section 581, the relevant question to be

---

[4]This misunderstanding has continued to this day. (See, e.g., *Neil Norman, Ltd. v. William Kasper & Co.* (1983) 149 Cal.App.3d 942, 947, 948 [197 Cal.Rptr. 198] [analyzing the viability of subsequent litigation under both res judicata and retraxit]; see also *Doctors' Co. v.*

asked when one of the parties to the dismissed litigation seeks to litigate issues arising out of the same transaction is whether the litigation is barred by res judicata or collateral estoppel, not retraxit. We hold that retraxit is no longer applicable in this situation.

Although courts continue to mention retraxit when addressing this situation, some recognize that it is actually res judicata and collateral estoppel which apply. For example, in *Roybal v. University Ford* (1989) 207 Cal.App.3d 1080 [255 Cal.Rptr. 469], the plaintiffs filed an action against the defendant in municipal court. They then filed an action in superior court, based on the same transaction, and dismissed the municipal court action with prejudice. The defendant obtained a summary judgment in the superior court action on the ground that it was barred by res judicata. (At pp. 1083-1084.)

The court reviewed the common law doctrine of retraxit and the statutory provisions for voluntary dismissal of an action. (*Roybal v. University Ford, supra,* 207 Cal.App.3d at p. 1086.) It noted that "[a]lthough the statutory method of voluntary dismissal provided in [Code of Civil Procedure] section 581 . . . dispenses with the common law requirement of renunciation in open court, a dismissal with prejudice under such section *has the same effect as* a common law retraxit and bars any future action on the same subject matter." (*Id.* at p. 1087, italics added.) It "constitute[s] a final judgment invoking the bar *of res judicata.*" (*Ibid.,* italics added.) Thus, summary judgment was proper. (*Id.* at p. 1089.)

The recent case of *Rice v. Crow, supra,* 81 Cal.App.4th 725 emphasized that " '[i]t has been frequently held that a judgment or order dismissing an action, based upon a stipulation or agreement of the parties settling and adjusting the claim or cause of action in suit and providing for the dismissal is a bar to another action for the same cause.' " (At p. 734.) The determination whether subsequent litigation is barred must be analyzed under principles of res judicata and collateral estoppel. (*Id.* at pp. 734-735.)

 In the instant case, then, the question is whether plaintiff's superior court action is barred by res judicata or collateral estoppel. Under the doctrine of res judicata, conclusive effect is given to a previous judgment in subsequent litigation involving the same claim or controversy. (*Mata v. City of Los Angeles* (1993) 20 Cal.App.4th 141, 149 [24 Cal.Rptr.2d 314].) Collateral estoppel bars relitigation of an issue actually litigated and necessarily decided in prior litigation. (*Ruffalo v. Patterson* (1991) 234

*Superior Court* (1989) 49 Cal.3d 39, 47 [260 Cal.Rptr. 183, 775 P.2d 508] [referring to an earlier appellate court case in which a dismissal with prejudice "operated as a retraxit"]; *Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 392 [102 Cal.Rptr.2d 125] [same].)

Cal.App.3d 341, 344 [285 Cal.Rptr. 647]; *Alhino v. Starr* (1980) 112 Cal.App.3d 158, 170 [169 Cal.Rptr. 136]; 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 354, p. 915.)

At the time *Datta* and *Rothtrock* were decided, Code of Civil Procedure section 439 was in effect. It has since been repealed (Stats. 1971, ch. 244, § 42, p. 389). It provided that if a defendant omitted to set up a counterclaim arising out of the transaction sued upon, the defendant could not thereafter maintain an action against plaintiff arising out of the transaction. Thus, a dismissal with prejudice extended the application of res judicata or collateral estoppel "not only to claims which have been actually litigated but also to any claim which could have been asserted as a counterclaim arising out of the transaction on which the complaint in the prior action was founded." (*Datta v. Staab, supra,* 173 Cal.App.2d at p. 620.)

The filing of compulsory cross-complaints is now governed by Code of Civil Procedure section 426.30. It provides, with certain exceptions, that "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (*Id.,* § 426.30, subd. (a).) One exception arises where, as here, "[t]he person who failed to plead the related cause of action did not file an answer to the complaint against him." (*Id.,* § 426.30, subd. (b)(2).) Another exception arises where, again as here, "[a]t the time the action was commenced, the cause of action not pleaded was the subject of another pending action." (*Id.,* § 426.40, subd. (c).) Because of the exceptions to compulsory cross-complaint filing requirements, res judicata and collateral estoppel do not automatically bar prosecution of a subsequent action related to the action which has been settled and dismissed.

■ Res judicata " ' " ' "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." ' " ' " (*Rice v. Crow, supra,* 81 Cal.App.4th at p. 734, italics omitted; see also *Mata v. City of Los Angeles, supra,* 20 Cal.App.4th at p. 149.) In order for res judicata to apply, the cause of action in the subsequent litigation must be identical to that in the first. (*Rice, supra,* at p. 734.)

Here, Morris's superior court litigation " ' "is on a different cause of action, . . . [involving] separate and distinct torts," ' " namely, Blank's negligence, from those at issue in Blank's municipal court case, namely, Morris's negligence. (*Mata v. City of Los Angeles, supra,* 20 Cal.App.4th at

p. 149.) It therefore is not barred by res judicata. (*Rice v. Crow, supra,* 81 Cal.App.4th at p. 734; *Mata, supra,* at p. 149.)

■ Collateral estoppel applies only if the issues decided in the prior adjudication are identical to those raised in the present action. (*Clemente v. State of California* (1985) 40 Cal.3d 202, 222 [219 Cal.Rptr. 445, 707 P.2d 818].) It does not apply to issues not raised by the complaint and not actually litigated and necessarily decided in the prior litigation. (*Ruffalo v. Patterson, supra,* 234 Cal.App.3d at p. 344; *Alhino v. Starr, supra,* 112 Cal.App.3d at p. 170.) So, in the instant case, it applies only to those issues raised by Blank's complaint in her municipal court action, i.e., issues related to Morris's liability for Blank's damages as a result of the accident. Because no answer ever was filed, and no affirmative defenses regarding Blank's negligence ever were pleaded, the issues raised in Morris's complaint in her superior court action, related to Blank's liability for Morris's damages as a result of the accident, were not raised by the municipal court complaint, not actually litigated and not necessarily decided. Collateral estoppel does not apply. (*Ruffalo, supra,* at p. 344; *Alhino, supra,* at p. 170.)

Hence, neither res judicata nor collateral estoppel applies to bar litigation of Morris's claims in her superior court action. This being the case, the trial court erred in granting summary judgment on the ground the settlement and dismissal of Blank's municipal court action acted as a retraxit to bar Morris's superior court action as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

The judgment is reversed. Plaintiff Morris is to recover costs on appeal.

Mallano, J., concurred.

**VOGEL (MIRIAM A.), J.**—I concur in the judgment but write separately because I believe there is a more direct means to the same end.

### FACTS

In December 1998, Crystal Lynn Morris and Michelle Ann Blank were involved in an automobile accident. In November 1999, Morris (represented by the Law Offices of Arthur H. Barens) sued Blank in the Los Angeles Superior Court, North Valley District.[1] On December 2, Blank was personally served with summons and the complaint. On December 10, Blank (in propria persona) sued Morris in municipal court (Newhall Judicial District);

---

[1] Morris was joined in her complaint by Bertha Allen, her passenger at the time of the accident. Allen is not a party to this appeal.

Blank's complaint did not mention Morris's superior court action, and Blank did not file a notice of related cases in either court. Blank's complaint was not served on Morris at that time.

On January 12, 2000, in the superior court case, Blank (represented by Kim B. Puckett, a lawyer provided by the Interinsurance Exchange of the Automobile Club of Southern California, Blank's insurer) answered and cross-complained against Morris (for declaratory relief and apportionment but not for any affirmative relief). Although Blank's answer was served on Barens (Morris's lawyer), the cross-complaint was not served on Morris or Barens. Neither pleading mentioned Blank's municipal court action. On March 20, Morris was served with summons and the complaint in Blank's municipal court action.

In April, Blank's husband (Bill Blank, an Auto Club claims adjuster) contacted Morris's insurer (Carnet Insurance Company) in an effort to settle Blank's municipal court action. Ultimately, Blank and Carnet agreed to settle Blank's municipal court action for $1,200, in exchange for which Blank agreed to execute a release of all claims against Morris and dismiss her municipal court action. Nothing in the record suggests that Morris was aware of these negotiations or of the settlement. Nothing suggests that Barens knew what was going on.

The Blanks gave Carnet a copy of Blank's municipal court complaint, and Carnet asked the Blanks to send a copy of Blank's complaint to its lawyers, Selman & Breitman. Nothing in the record suggests that Selman & Breitman was representing Morris, or that Morris even knew of the firm's existence; to the contrary, it appears that Barens was the only lawyer representing Morris, and that (in April, May and June) Selman & Breitman was representing Carnet—and only Carnet. Carnet paid Blank the $1,200, and (on May 12) Blank signed a release of all claims. On June 6, she dismissed her municipal court action.[2] Morris had never appeared in the municipal court action.[3] Since Blank's husband initiated settlement discussions directly with Carnet, then forwarded papers to Selman & Breitman at Carnet's request, and since Selman & Breitman had at that point never appeared for Morris (or anyone)

[2] The request for dismissal, signed by Blank and purportedly filed by her in propria persona, has a proof of service showing that (on June 6) it was served by mail on "Michelle Ann Blank" (and not on anyone else). The proof of service is signed by Duana Chenier, whose business address is 11766 Wilshire Boulevard, Sixth Floor, Los Angeles, California 90025. That is Selman & Breitman's address.

[3] Blank's effort to show that Morris did appear in the municipal court action does not prove her point. On May 18, after the settlement was negotiated by Selman & Breitman and after Blank had signed the release, Barens (the lawyer who filed Morris's superior court case) filed an amendment to Morris's complaint, substituting the Auto Club for a Doe defendant. By mistake, Barens used a municipal court form, but the file stamp shows the document was filed in Morris's superior court action, not in Blank's municipal court action.

in either action, there is no way that Blank could have viewed Selman & Breitman as Morris's lawyer.

At a June 28 status conference in Morris's superior court action, Blank was ordered to serve her cross-complaint on Morris, and she did so that day by mailing a copy to Morris's lawyer (Barens). Blank (represented by Puckett) then moved for summary judgment on the ground that her dismissal of her municipal court action operated as a retraxit and, as such, barred Morris's claim for damages allegedly arising out of the same accident. In her supporting declaration, Blank described her settlement of her municipal court action and asserted that Morris "was represented by the law firm of Selman & Breitman. I dealt primarily with Ms. Morris's attorney Kelly M. Lynch, of Selman & Breitman, during [the municipal court] lawsuit."

Morris (represented—for the first time—by Selman & Breitman) opposed Blank's motion for summary judgment, contending that the rule of retraxit did not apply because (among other things) the municipal court action had been settled by her insurer in another action in which Morris had never appeared. In her separate statement, Morris disputed Blank's claim that Selman & Breitman was representing her at the time the municipal court action was settled, and disputed Blank's assertion that the settlement was made on her behalf. Morris presented evidence to establish that the offer to settle was made by Carnet as Morris's insurer, not by Morris, and to show that the settlement was entered before Selman & Breitman undertook its representation of Morris.

The trial court, explaining that it did so only because it believed itself bound by the retraxit cases, granted Blank's motion.

### DISCUSSION

In my view, the majority's detailed discussion about retraxit is confusing and irrelevant. Blank failed to establish that the settlement was negotiated or paid by an insurer or attorney acting with Morris's express or implied authority. From the evidence, it appears that both Morris and Blank advised their carriers about the automobile accident, waited to see who would sue whom first, then separately ran to different courthouses just before the one year statute would have expired. Blank, married to a claims adjuster who worked for her insurer, initiated settlement discussions that focused on her municipal court action, leaving Morris's retained lawyer (Barens) out of the loop. While I wouldn't go so far as to suggest that the Blanks and the Auto Club set out to create a retraxit defense to Morris's action, I most certainly would and do say that the evidence suggests they settled Blank's claim with Carnet and Carnet's lawyers, not with Morris or Morris's lawyer.

Under the circumstances of this case, nothing that happened in the municipal court action could possibly affect Morris or her claim against Blank.[4] (*Barney v. Aetna Casualty & Surety Co.* (1986) 185 Cal.App.3d 966, 973-981 [230 Cal.Rptr. 215] [an insurer has a duty to *not* use its settlement power in a manner injurious to its insured's rights]; *Yanchor v. Kagan* (1971) 22 Cal.App.3d 544, 549-550 [99 Cal.Rptr. 367] [a lawyer who acts without his client's actual or ostensible authority cannot bind the client]; and see *Rothtrock v. Ohio Farmers Ins. Co.* (1965) 233 Cal.App.2d 616, 623 [43 Cal.Rptr. 716] [mere employment of a lawyer to represent a client in litigation does not carry with it the legal right, without the knowledge or consent of the client, to compromise with impunity that litigation for reasons foreign to the client's substantial rights or best interests].) For these reasons, no purpose is served by the majority's attempted exegesis about the rules of retraxit.

[4]My colleagues do not mention the fact that the trial court (ignoring the one judgment rule) purportedly granted summary judgment only on Morris's complaint. A couple of months later, the court granted a second and separate motion for summary judgment, disposing of Blank's cross-complaint in Morris's favor. Since Blank has not appealed from either judgment, her cross-complaint is no longer part of this case. The only claims to be tried on remand are Morris's claims against Blank and the Auto Club.