Filed 5/12/26  Yellow Dog Holdings v. Regions Bank CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YELLOW DOG HOLDINGS, LLC,<br><br>  Cross-complainant and Appellant,<br><br>  v.<br><br>REGIONS BANK et al.,<br><br>  Cross-defendants and Respondents. | G064613<br><br>(Super. Ct. No. 30-2019-01073663)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert S. Nelson, Judge. Affirmed.

Carlsen Law Corporation and Miles Carlsen for Cross-complainant and Appellant.

Frandzel Robins Bloom & Csato, Andrew K. Alper and Hal D. Goldflam for Cross-defendants and Respondents.

\*          \*          \*

Appellant Yellow Dog Holdings, LLC (Yellow Dog) appeals from a judgment awarding contractual attorney fees to respondent Ascentium Capital, LLC (Ascentium).[1] Yellow Dog raises three arguments on appeal. First, Yellow Dog contends Ascentium's notice of motion for attorney fees was inadequate. Second, Yellow Dog argues Ascentium's rights under the relevant lease, which included an attorney fees provision, terminated. Finally, Yellow Dog claims Ascentium cannot recover attorney fees because another party "effectuated a retraxit." For the reasons *post*, we disagree with Yellow Dog's contentions and affirm the judgment.

FACTS

I.

THE LEASE AGREEMENT AND ASSIGNMENT

In 2014, Yellow Dog entered into an equipment lease agreement with Alliance Funding Group (Alliance), a non-party to this appeal, whereby Yellow Dog leased a paint booth. Douglas Pientock and William Sonichsen were guarantors on the lease.

As relevant here, the lease included the following attorney fees provision: "You agree to reimburse us for all charges, costs, expenses and attorney's fees that we have to pay to enforce this Lease or collect the Obligations under this Lease and in any lawsuit or other legal proceeding which we are required to bring or defend because of your default. You also agree that in the event of a dispute related to or arising out of this Lease, the

---

[1] Respondent Regions Bank is the successor to Ascentium. For clarity and consistency with the appellate briefing, we refer to the entity throughout this opinion as "Ascentium."

2

Lessor in such dispute shall be entitled to recover its reasonable attorney's fees and costs."

Early in the lease term, Alliance assigned its rights under the lease to Ascentium. Among other things, the assignment stated: "Until such time as [Ascentium] has received all of the Payments in full together with all payments specified and . . . constituting the Assigned Interest in the event of the late payment or non-payment of Payments, [Ascentium] shall have and enjoy . . . the rights of [Alliance] under the [Assigned Contract] . . . ." The assignment further specified: "Without limiting the generality of the foregoing, [Ascentium] shall have the right to . . . take all legal or other proceedings which [Alliance] could have taken with respect to the Assigned Contract and related documents, including, without limitation the enforcement of rights and remedies under the Assigned Contract following an event of default thereunder."

In October 2018, Ascentium sent a letter to Yellow Dog stating the remaining payoff amount under the lease was $4,543.42. Assuming Yellow Dog timely paid the outstanding amount, the letter stated: "(i) the Agreement and all of your obligations thereunder, except for any indemnification undertaking, shall immediately terminate and be deemed satisfied in full, (ii) Ascentium will release and terminate all security interests and liens, created by Ascentium, as security for the obligations under the Agreement, and (iii) Ascentium authorizes you or your authorized representative to prepare and file any Uniform Commercial Code termination statements as are reasonably necessary to terminate and release, as of record, the financing statements previously filed by Ascentium with respect to the Agreement."

Yellow Dog ultimately paid the 58 remaining payments to Ascentium. In April 2019, Ascentium sent a letter to Yellow Dog confirming "the Agreement . . . has been paid in full." Around a week later, Ascentium sent an e-mail to Yellow Dog, indicating that "[t]he broker (Alliance Funding Group) does have a FMV buy-out residual in the event the customer wishes to retain the leased equipment."

## II.

### THE COMPLAINT AND CROSS-COMPLAINT

"Alliance filed a complaint against Yellow Dog and [the two individual guarantors], alleging causes of action for breach of the lease and written guaranty. According to Alliance, Yellow Dog did not provide timely written notice of its intent to purchase or return the equipment as required under the lease, triggering an automatic 12-month renewal of the lease. Yellow Dog allegedly defaulted on its payment obligations and refused to return the equipment to Alliance." (*Sonichsen* et al. *v. Ascentium Capital, LLC* (Oct. 13, 2025, G063221) [nonpub. opn.] (*Sonichsen I.*)

"Yellow Dog and [the two individual guarantors] filed a second amended cross-complaint (SACC) against Alliance and Ascentium, alleging two causes of action for declaratory relief. Ascentium demurred to the SACC, and the trial court sustained the demurrer without leave to amend. Ascentium then moved for entry of a separate judgment in its favor because all claims to which it was a party had been resolved by the demurrer. The court granted the motion and entered judgment in 2020. Yellow Dog and [the two individual guarantors] timely appealed." (*Sonichsen I*, *supra*, G063221.)

"In the meantime, the court sustained another demurrer filed by Alliance to a third amended cross-complaint. Alliance subsequently dismissed its complaint with prejudice." (*Yellow Dog Holdings, LLC v. Ascentium*

4

*Capital, LLC* et al. (Sept. 22, 2025, G063976) [nonpub. opn.] (*Yellow Dog II*).)

## III.

### THE COURT OF APPEAL DECISION REGARDING ASCENTIUM'S DEMURRER

In March 2022, another panel of this court held the trial court erred by sustaining Ascentium's demurrer to Yellow Dog's claims in the SACC but properly sustained the demurrer as to the two individual guarantors. (*Yellow Dog Holdings, LLC v. Ascentium Capital, LLC* (Mar. 3, 2022, G059835) [nonpub. opn.] (*Yellow Dog I*).)

## IV.

### BENCH TRIAL ON REMAND

"In November 2023, the case proceeded to a bench trial. At the close of Yellow Dog's evidence, Ascentium moved for judgment under [Code of Civil Procedure] section 631.8. The court granted the motion and subsequently issued a statement of decision, finding Yellow Dog was not entitled to declaratory relief against Ascentium." (*Yellow Dog II*, *supra*, G063976.)

"The court subsequently entered judgment that Yellow Dog recover nothing by way of its SACC. Yellow Dog timely appealed."[2] (*Yellow Dog II*, *supra*, G063976.)

## V.

### ASCENTIUM'S MOTION FOR ATTORNEY FEES

In March 2024, Ascentium filed a motion for attorney fees seeking to recover fees incurred after another panel of this court reversed the 2020 judgment. (*Yellow Dog I*, *supra*, G059835.) The motion was based on the

---

[2] In an unpublished opinion, we affirmed the judgment in favor of Ascentium. (*Yellow Dog II*, *supra*, G063976.)

attorney fees provision contained in the lease and Alliance's assignment of its rights to Ascentium.[3]

In July 2024, the trial court granted the motion and awarded $115,119.25 in attorney fees to Ascentium. Among other things, the court found Ascentium was contractually entitled to attorney fees given the attorney fees provision in the lease and the assignment to Ascentium. In September 2024, the court entered an amended judgment, which included the attorney fees award. Yellow Dog appealed.[4]

DISCUSSION

Yellow Dog contends the court erred by awarding attorney fees to Ascentium. First, it suggests Ascentium's notice of motion was inadequate because the notice did not identify the relevant contract authorizing fees. Second, Yellow Dog argues Ascentium's rights under the lease, including any right to attorney fees, terminated when it accepted Yellow Dog's last payment due under the lease. Finally, Yellow Dog claims Ascentium cannot recover attorney fees because "Alliance effectuated a retraxit." We disagree with Yellow Dog's contentions.

---

[3] Ascentium separately filed a motion for attorney fees against the two individual guarantors. In an unpublished opinion, we affirmed the judgment awarding contractual attorney fees to Ascentium against the two individual guarantors. (*Sonichsen I*, *supra*, G063221.)

[4] Yellow Dog appealed from the July 2024 minute order instead of the September 2024 amended judgment. We construe the notice of appeal liberally as taken from the amended judgment. (Cal. Rules of Court, rule 8.104(d)(1)–(2).)

6

## I.

### STANDARD OF REVIEW

"On appeal, a determination of the legal basis for an attorney fees award is reviewed de novo as a question of law. [Citation.] [¶] Each party to a lawsuit must pay his or her own attorney fees except where a statute or contract provides otherwise. [Citation.] Where a contract specifically provides for an award of attorney fees, Civil Code section 1717 allows recovery of attorney fees by whichever contracting party prevails, regardless of whether the contract specifies that party." (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966.)

## II.

### THE NOTICE OF MOTION WAS PROPER

Yellow Dog argues Ascentium's notice of motion was deficient because it did not identify any relevant contract. But a notice of motion need only state the nature of the relief sought and the grounds upon which it is made. (Code Civ. Proc., § 1010;[5] Cal. Rules of Court, rule 3.1110). The notice here did precisely that: it cited Civil Code section 1717, sections 1021, 1032, and 1033.5, subd. (a)(10)(A), and California Rules of Court, rule 3.1702(c). The notice also explained that Ascentium sought appellate attorney fees as the prevailing party "pursuant to the parties' contracts" and referenced the supporting memorandum and declarations. The memorandum, in turn, identified and attached the relevant lease and assignment. Finally, Yellow Dog filed a substantive opposition, which confirmed it understood the relief

---

[5] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

sought and its contractual basis. Under these circumstances, the notice was sufficient.

## III.

### ASCENTIUM WAS ENTITLED TO CONTRACTUAL ATTORNEY FEES

Yellow Dog next argues Ascentium's rights as an assignee ended when Ascentium received the last lease payment from Yellow Dog. In support of this assertion, Yellow Dog relies on Ascentium's October 2018 payoff letter and April 2019 letter confirming receipt of Yellow Dog's final payment. Yellow Dog also points to language in the assignment, which stated that Ascentium "shall have and enjoy . . . the rights of [Alliance] under the [Assigned Contract]" "[u]ntil such time as [Ascentium] has received all of the Payments in full . . . ." Yellow Dog forfeited this contention by failing to raise it below.[6] (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1074; *Natkin v. California Unemployment Ins. Appeals Bd.* (2013) 219 Cal.App.4th 997, 1011.)

Even assuming Yellow Dog's argument is preserved for review, it lacks merit. The assignment's "until paid in full" language does not extinguish Ascentium's ability to recover attorney fees incurred in litigation arising out of the lease. Civil Code section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then *the party who is determined to be the party prevailing on the contract, whether he or she*

---

[6] Yellow Dog did not raise this argument about the termination of Ascentium's rights in its briefing below, and the appellate record does not include a reporter's transcript of any relevant proceedings.

*is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.*" (Italics added.) In other words, Civil Code section 1717 "makes an attorney fee provision reciprocal even if it would otherwise be unilateral either by its terms or in its effect." (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal. App.4th 809, 818.)

Here, Yellow Dog's SACC sought declaratory relief under the lease and expressly requested attorney fees. The action was therefore "on a contract" within the meaning of Civil Code section 1717, subdivision (a). (*Dell Merk, Inc. v. Franzia* (2005) 132 Cal.App.4th 443, 455.) Ascentium also prevailed on the SACC after a bench trial. Having invoked the lease as the basis for relief and fees, Yellow Dog cannot now recast Ascentium as a stranger to the lease.

IV.

RETRAXIT IS INAPPLICABLE

Relying on the doctrine of retraxit, Yellow Dog further contends Ascentium cannot rely on the lease or assignment because Alliance effectively terminated both by dismissing its complaint against Yellow Dog. Not so.

A retraxit—now typically effected by a plaintiff's voluntary dismissal with prejudice—is deemed a judgment on the merits barring further litigation on the same claim between the same parties. (*Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of America* (2005) 133 Cal.App.4th 1319, 1330–1331; *Morris v. Blank* (2001) 94 Cal.App.4th 823, 828; *Rice v. Crow* (2000) 81 Cal.App.4th 725, 733–734.) While Alliance's dismissal may preclude it from pursuing further claims under the lease, the doctrine of retraxit has no application to Ascentium, which did not dismiss any claims. Yellow Dog cites no authority, and we are

9

aware of none, holding Alliance's dismissal extinguished Ascentium's contractual rights to recover attorney fees.

## DISPOSITION

The judgment is affirmed. Ascentium shall recover its costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


SCOTT, J.